**2018 UT App 108**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RICARDO ANTONIO PADILLA,
Appellant.

Opinion
No. 20160305-CA
Filed June 14, 2018

Third District Court, Salt Lake Department
The Honorable James T. Blanch
No. 131907679

Marshall M. Thompson and Andrea J. Garland,
Attorneys for Appellant

Sean D. Reyes and Marian Decker,
Attorneys for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and DIANA HAGEN concurred.

POHLMAN, Judge:

¶1     Ricardo Antonio Padilla appeals his convictions for felony discharge of a firearm and obstruction of justice. He argues that the trial court erred by refusing to give a cautionary instruction to the jury about accomplice testimony. He also argues that he received constitutionally ineffective assistance of counsel when his counsel failed to renew a motion for mistrial. We affirm.

## BACKGROUND

¶2     A jury convicted Padilla of felony discharge of a firearm and obstruction of justice based on his involvement in events that led to the death of a rival gang member (Victim). One

evening in July 2013, Padilla, a member of the 18th Street gang, and five others left his apartment to go tagging.[1] They took two cars. While driving, one of Padilla's cohorts recognized someone from a rival gang standing with a group in front of a house. The two cars circled back around and another of Padilla's cohorts shot and killed Victim.

¶3 The State charged Padilla with murder, felony discharge of a weapon, and obstruction of justice, all first degree felonies. He was initially tried with two codefendants, both of whom were involved in the shooting.

¶4 During trial, the State established Padilla's involvement in Victim's death largely based on the testimony of two of Padilla's other companions, both of whom were present in one of the vehicles during the shooting.[2] On the third day of the trial, one of those companions testified that, shortly before the shooting, Padilla said that they were going to return to the house where they had spotted Victim, "ask him which gang he belonged to," and, depending on Victim's answer, shoot him.

¶5 Based on this testimony, defense counsel for Padilla and the two codefendants moved for mistrial on confrontation grounds, arguing that they could not confront Padilla's out-of-court testimony. *See Bruton v. United States*, 391 U.S. 123, 126, 136–37 (1968) (holding that the petitioner's constitutional right to

---

1. One of Padilla's companions testified that "tag" in this context meant graffiti.

2. The two companions who testified were not the two codefendants tried with Padilla. The State charged both companions with obstruction of justice, a first degree felony, and they were granted immunity for their testimony. The State agreed to dismiss the obstruction charges against both companions if, after the trial, it believed they "testified truthfully."

confrontation had been violated, notwithstanding curative instructions, when a codefendant's confession was admitted and inculpated the petitioner). As to Padilla in particular, defense counsel acknowledged that Padilla's "position is weaker" than the other two codefendants, but nonetheless argued that if the other codefendants "are suddenly gone and [Padilla] is alone then it is perhaps prejudicial."

¶6    The court granted the motion for mistrial as to Padilla's codefendants but denied it as to Padilla. In doing so, the court gave a curative instruction to the jury, addressing how the jury should view the codefendants' dismissals:

> The trial will proceed tomorrow morning, but it will only involve one of the defendants. Two of the defendants, there are legal reasons that we cannot proceed against them, so we are only going to proceed against [Padilla].
>
> I want to instruct you and admonish you that you are not to draw any conclusions from that at all. It doesn't mean that the Court determined that the other defendants lack responsibility for anything. It doesn't mean that the Court determined that they do. It doesn't mean that they entered pleas. It doesn't mean anything other than the fact for legal reasons we cannot proceed against them.
>
> So that's not something you should hold against [Padilla]. It doesn't mean anything with respect to his role in this versus anyone else's role. And so no conclusions really can be drawn one way or the other with respect to the fact we are only proceeding with regard to one of the defendants.

The court asked Padilla's counsel if this instruction was satisfactory, and counsel responded that it was.

¶7    The next day, the court again addressed the jury, stating that the bailiff "told [the court] . . . that [the jury] had asked questions of him whether there was any testimony or evidence that [it] needed to disregard from yesterday." The court continued,

> [O]ther than what I instructed you about at the time, the answer is no. And I gather from your questions that you posed to him that people are kind of wondering about what happened yesterday and why we're proceeding the way that we are. I told you not to worry about that. I recognize it's a little bit late telling you not to think about a pink elephant.

> So what I can tell you—and I don't think that this would offend counsel—is that there was a legal irregularity, it's fairly complicated, that occurred yesterday, that just requires that we handle those other two cases separately from this case. Doesn't have anything to do with the strength or weakness of the State's claims or case against this defendant versus the other two. Doesn't have anything to do with what's going to happen ultimately with those two other cases. They just have to be handled separately from this one. Don't speculate as to why, and don't worry about it beyond that, if you can, but that's what occurred yesterday.

¶8    The testimony of his two companions also prompted Padilla to request that the court give a cautionary accomplice testimony instruction to the jury. Referencing, among other things, Utah Code section 77-17-7(2), Padilla asked the court to instruct the jury as follows:

> An accomplice is someone who joined with another person in committing a crime, voluntarily

and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have. You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care.

You should not convict a defendant based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

¶9     During review of these instructions, the State argued that the instruction was improper. In particular, the State argued that neither companion was an accomplice to the crimes Padilla had been charged with because neither was charged as such. The State also argued that instructing that the testimony was "unsupported" was improper because it was "suggestive of some sort of conclusion that the Court has reached," and it asserted that there was nothing in the proposed instruction that was not already covered in the general instruction about how much weight to give a witness's testimony.

¶10    Padilla argued, on the other hand, that the two companions were accomplices because the status of being an accomplice depends on conduct, not on whether "the prosecution elects to charge people in different ways or elects to not even choose to prosecute someone." He therefore asserted that the definition of accomplice "is accurate," and he stated that "the instruction should be given." Padilla also contended that the instruction correctly stated the law "with regard to not convicting an individual simply because of an unsupported statement."

¶11    In response to the State's objections, the court modified the proposed instruction. First, the court added an introductory

sentence, explaining that the defense contended the companions were accomplices. The court also completely omitted the sentence advising the jury to receive the accomplice testimony "with caution." Finally, the court edited the proposed language so as not to opine that the accomplice testimony was "unsupported." Thus, the court instructed the jury as follows:

> You have heard testimony from witnesses the defense contends were accomplices in the offense. An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent. The testimony of an accomplice may be received in evidence and considered by you, even if you find it is not supported by other evidence. You may decide how much weight it should have.
>
> As with any evidence, you should not convict a defendant based solely on the testimony of an alleged accomplice, unless you believe the testimony beyond a reasonable doubt.

Defense counsel did not object to the addition of the introductory sentence. Counsel did, however, lodge a general objection to all of the other changes.

¶12    The jury convicted Padilla of felony discharge of a firearm and obstruction of justice. He now appeals.

ANALYSIS

I. The Jury Instruction Issue

¶13    Padilla first argues that the trial court erred by refusing to give the jury the cautionary instruction about accomplice testimony under Utah Code section 77-17-7. After establishing that a defendant may be convicted "on the uncorroborated

testimony of an accomplice," that statute provides that, "[i]n the discretion of the court, an instruction to the jury may be given to the effect that such uncorroborated testimony should be viewed with caution, and such an instruction shall be given if the trial judge finds the testimony of the accomplice to be self contradictory, uncertain or improbable." Utah Code Ann. § 77-17-7 (LexisNexis 2017). Padilla argues that the court erred by refusing to give this instruction "because the accomplice testimony was uncorroborated and was self-contradictory, uncertain, or improbable," and he contends that under these circumstances the court was "statutorily required to warn the jury to view accomplice testimony with caution."

¶14   Ordinarily, this is an alleged error we might review for correctness. *See State v. Malaga*, 2006 UT App 103, ¶ 7, 132 P.3d 703. However, Padilla has not established that he preserved this issue, and as a result, we do not reach its merits. "An issue is preserved for appeal when it has been presented to the trial court in such a way that the trial court had the opportunity to rule on it." *State v. Kennedy*, 2015 UT App 152, ¶ 21, 354 P.3d 775. This means that the "party asserting error on appeal must have (1) raised the issue in a timely fashion in the lower court, (2) specifically raised the issue, and (3) introduced supporting evidence or relevant legal authority." *In re Baby Girl T.*, 2012 UT 78, ¶ 34, 298 P.3d 1251 (quotation simplified). "[A]n objection at trial based on one ground . . . does not preserve for appeal any alternative grounds for objection." *State v. Low*, 2008 UT 58, ¶ 17, 192 P.3d 867. And "failure to preserve an issue in the trial court generally precludes a party from arguing that issue in an appellate court, absent a valid exception," such as plain error or ineffective assistance of counsel. *State v. Johnson*, 2017 UT 76, ¶¶ 18–19, 416 P.3d 443.

¶15   Utah Code section 77-17-7 describes how a court is to instruct a jury about accomplice testimony under two scenarios—one discretionary and one mandatory. In the first, if the accomplice's testimony is uncorroborated, a court *may*, in its discretion, give the jury a cautionary instruction about the

accomplice's testimony. *See* Utah Code Ann. § 77-17-7(2). In the second, if the trial judge makes findings that the accomplice's testimony is "self contradictory, uncertain or improbable," then a cautionary instruction "shall be given" to the jury. *See id.*; *see also State v. Crespo*, 2017 UT App 219, ¶ 35, 409 P.3d 99 (noting that "a cautionary instruction is not required if the district court does not find the accomplice's uncorroborated testimony to be self-contradictory, uncertain, or improbable," and observing that "it falls within the district court's discretion to instruct the jury to view uncorroborated testimony with caution if no such findings are made" (quotation simplified)); *State v. Guzman*, 2004 UT App 211, ¶ 35, 95 P.3d 302 (explaining that under section 77-17-7(2) "a cautionary instruction *may* be given if the accomplice testimony is uncorroborated and *shall* be given if the trial judge finds the accomplice testimony self-contradictory, uncertain or improbable" (quotation simplified)).

¶16    Padilla argues on appeal that the trial court erred by failing to give the mandatory instruction. He claims that the record demonstrates that the "accomplice testimony was uncorroborated and unreliable." However, because the statute describes two potential scenarios for providing a cautionary instruction—one discretionary and one mandatory—to preserve the issue he asserts on appeal, Padilla needed to afford the court the opportunity to determine whether the instruction was mandatory as opposed to discretionary. To do this, it was incumbent upon him to specifically alert the trial court that the circumstances fell within the mandatory, and not merely the discretionary, scenario. *See Kennedy*, 2015 UT App 152, ¶ 21.

¶17    He did not do so. First, in the requested jury instruction itself, Padilla only generally referenced section 77-17-7(2), and he made no suggestion that he considered the instruction to be mandatory on the basis that the companions' testimonies were "self contradictory, uncertain or improbable." Second, in argument before the trial court, while Padilla asked that his proposed cautionary instruction be given, he did not argue that such an instruction was required by statute under the

circumstances of the case. Much of his substantive argument on the matter focused on refuting the State's contention that the two companions were not accomplices. Beyond that, he only generally asserted that the instruction he proposed was legally correct as to an accomplice's unsupported testimony and, apart from stipulating to the court's addition of the introductory sentence, he lodged only a general objection to the court's other modifications. He did not argue to the court that the instruction was required because the companions' testimonies were self-contradictory, uncertain, or improbable. Indeed, he did not request the court to make findings as to the quality of the companions' testimonies for instruction purposes at all. As a result, the trial court made no findings about the two companions' testimonies, and it made no ruling regarding whether, given the companions' testimonies, the instruction was mandatory.

¶18    Therefore, at best, Padilla's request for the instruction and arguments at trial invoked the court's discretionary authority to give the proposed instruction under section 77-17-7(2). Indeed, nothing in Padilla's assertion that the companions were accomplices and his otherwise general objection to the court's modifications to his proposed instruction could have sufficiently alerted the court that Padilla believed, and was asking the court to specifically find, that his proposed instruction was mandatory. *See State v. Alzaga*, 2015 UT App 133, ¶¶ 21–22, 352 P.3d 107 (concluding that an objection on relevance grounds did not preserve for appeal challenges to the evidence under rules 404 and 405, because the defendant's relevance objection "did not convey to the trial court that [the defendant] believed [that] the testimony, though relevant, constituted improper character evidence"*)*; *see also Low*, 2008 UT 58, ¶ 17.

¶19    On this basis, and given the unique circumstances here, we conclude that Padilla has failed to preserve his argument that the trial court erred by failing to give the cautionary instruction. *See State v. Kennedy*, 2015 UT App 152, ¶ 21, 354 P.3d 775. We therefore will exercise our discretion to consider the merits of his

argument only if Padilla has established an exception to our preservation requirement. *See State v. Johnson*, 2017 UT 76, ¶¶ 15, 18, 416 P.3d 443. In his issue statement, Padilla contended that the issue was preserved but that, if it was not, we might "nevertheless review this issue for plain error." However, in his argument about the instruction issue, he made no attempt to develop or establish his plain error claim; indeed, he did not refer again to his plain error claim at all. We therefore consider this issue waived, and we decline to address it further. *See id.*

## II. Renewing the Mistrial Motion

¶20    Padilla next argues that he received constitutionally ineffective assistance of counsel when his counsel failed to renew a motion for mistrial once it became apparent that, due to procedural irregularities, the jury was confused. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Parkinson*, 2018 UT App 62, ¶ 8 (quotation simplified).

¶21    To establish that he received constitutionally ineffective assistance of counsel for failing to renew the mistrial motion, Padilla must show both "(1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) that but for counsel's deficient performance there is a reasonable probability that the outcome would have been different." *See State v. Wilkinson*, 2017 UT App 204, ¶ 20, 407 P.3d 1045 (quotation simplified). Because Padilla must establish both prongs to prevail, failure to establish either settles the question. *See State v. Franco*, 2012 UT App 200, ¶¶ 6–10, 283 P.3d 1004.

¶22    We conclude that Padilla has not demonstrated that counsel performed deficiently by failing to renew the mistrial motion. When evaluating whether counsel's performance was deficient, we "must bear in mind the strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance. Put another way, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Wilkinson*, 2017 UT App 204, ¶ 20 (quotation simplified).

¶23 When the confrontation issue arose with regard to Padilla's two codefendants, Padilla's counsel moved for a mistrial along with them. He acknowledged that Padilla's position with regard to a mistrial was "weaker" than Padilla's codefendants. Nevertheless, as a basis for mistrial, Padilla's counsel contended, "If the codefendants are suddenly gone and my client is alone then it is perhaps prejudicial." The court denied Padilla's mistrial motion, and it gave the jury a curative instruction, at Padilla's request, which advised the jury not to draw any conclusions from the codefendants' dismissals and not to hold the dismissals against Padilla.

¶24 The next day, the court addressed the jury again, stating that the bailiff informed it that the jury had asked "whether there was any testimony or evidence that [the jury] needed to disregard from yesterday." The court then re-instructed the jury, advising that the codefendants' dismissals should have no bearing on its assessment of the case against Padilla. Padilla's counsel did not thereafter renew his motion for mistrial.

¶25 Padilla argues that trial counsel performed deficiently when it became apparent that the "jury was so confused that curative instructions could not provide an adequate remedy." As evidence of the jury's confusion, he points to the fact that the jury apparently attempted to resolve its confusion about the "procedural abnormalities" by resorting "to improper conversations with court staff."

¶26 We are not persuaded. "Curative instructions are a settled and necessary feature of our judicial process and one of the most important tools by which a court may remedy errors at trial." *State v. Cruz*, 2016 UT App 234, ¶ 56, 387 P.3d 618 (quotation simplified). In addition, "curative instructions are ordinarily

presumed on appeal to be effective." *Id.* (quotation simplified). Although Padilla cites the procedural abnormalities and the jury's questioning of the bailiff regarding whether to disregard evidence, Padilla has not explained why it was objectively deficient for his counsel to conclude that the court's second curative instruction—which occurred after the jury apparently queried the bailiff—was insufficient to remedy any residual confusion. *See id.* Indeed, Padilla cites no evidence demonstrating that, after the second curative instruction, the jury still remained confused. *See State v. Curtis*, 2013 UT App 287, ¶ 25, 317 P.3d 968 ("In the absence of the appearance of something persuasive to the contrary, we assume that the jurors were conscientious in performing their duty, and that they followed the instructions of the court." (quotation simplified)). And, absent some other indication that the jury's confusion still had not been dispelled, it would have been reasonable for counsel to conclude the court's instruction resolved the matter. *See id.*

¶27 In any event, we have observed that "[w]hether to move for a mistrial or request a curative instruction is a strategic decision that is generally left to the professional judgment of counsel." *Id.* ¶ 44 (quotation simplified). Indeed, "if there is any plausible strategic explanation for counsel's behavior, we assume counsel acted competently." *Id.* (quotation simplified).

¶28 We can imagine a reasonable strategy for counsel's decision not to renew the mistrial motion. *See State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (explaining that, to establish that counsel performed deficiently, the defendant "must overcome the strong presumption that his trial counsel rendered adequate assistance by persuading the court that there was no conceivable tactical basis for counsel's actions" (quotation simplified)). The court's limited recounting of the jury's inquiry to the bailiff indicated that the jury was concerned about whether it was still proper to consider evidence admitted before Padilla's codefendants were dismissed. Padilla's attorney may have reasonably inferred from the jury's inquiry that the jury was concerned about fairly

considering Padilla's case and, in light of that, may have "concluded that the possibility of a less sympathetic jury outweighed any marginal benefit his client might receive from a new trial." *See Curtis*, 2013 UT App 287, ¶ 45 (concluding that counsel was not deficient for not moving for a mistrial where, among other things, "a successful mistrial motion would have meant a new jury"). Under these circumstances, it would have been a reasonable strategy to go forward with the empaneled jury. *See id.* ¶ 44.

¶29    Thus, in the absence of any additional evidence of jury confusion, it would have been reasonable for counsel to rely on the court's two curative instructions to address potential jury confusion rather than renew Padilla's mistrial motion and take a chance on a different jury.[3] Padilla's counsel therefore did not act deficiently by failing to renew the motion for mistrial. And because he has failed to establish that his counsel performed deficiently, Padilla's ineffective assistance of counsel claim fails.[4] *State v. Franco*, 2012 UT App 200, ¶¶ 6–10, 283 P.3d 1004.

---

3. Padilla briefly suggests that the jury's interaction with the bailiff was "an independent ground for mistrial" that impermissibly tainted the proceedings. He asserts that trial counsel should have moved for a mistrial on this basis or, "at the very least, ask[ed] for a contemporaneous in camera review." But Padilla does not develop this argument as an independent basis for reversal on appeal. Rather, it appears to be part of his overall argument that the jury was so confused that counsel should have renewed his motion for a mistrial. As a result, we do not address this argument separately.

4. Padilla also argues that we should reverse "because the cumulative effect of the errors was prejudicial." However, we have not concluded that the trial court committed any error related to this appeal. The cumulative error doctrine therefore does not apply. *See State v. Gonzales*, 2005 UT 72, ¶ 74, 125 P.3d

(continued…)

CONCLUSION

¶30    Padilla did not preserve the issue of whether the trial court, under the circumstances present in the case, was required under Utah Code section 77-17-7(2) to give his proposed cautionary instruction. And because Padilla has not established an exception to our preservation requirement, we do not reach the merits of that issue. Further, we conclude that Padilla has not established that he received constitutionally ineffective assistance of counsel by failing to renew the mistrial motion. Accordingly, we affirm.

––––––––––

(…continued)
878 (stating that the cumulative error doctrine will not apply "[i]f the claims are found on appeal to not constitute error").