2011 UT App 440

STATE of Utah, Plaintiff and Appellee,

v.

James Christiansen CRABB, Defendant and Appellant.

No. 20091046–CA.

Court of Appeals of Utah.

Dec. 22, 2011.

Taylor C. Hartley, American Fork, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶ 1 James Christiansen Crabb appeals his convictions on two charges after a jury trial. We affirm.

¶ 2 Crabb asserts that there was insufficient evidence to convict him. However, he has not preserved this claim. Generally, "claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. The preservation rule applies to every claim and operates to provide the trial court with the opportunity to address, and correct, a claimed error. *See id.* Accordingly, to ensure that the trial court addresses an issue of the sufficiency of the evidence at trial, a defendant must bring the issue to the trial court's attention. *See id.* ¶ 14. Additionally, to be adequately preserved, an issue must be raised specifically. *See State v. Low*, 2008 UT 58, ¶ 17, 192 P.3d 867. "[I]f a party makes an objection at trial based on one ground, this objection does not preserve for appeal any alternative ground for objection." *Id.*

¶ 3 Crabb did not raise an issue regarding the sufficiency of the evidence in the trial court. Although he moved to dismiss at the close of the State's case, that motion was based on other grounds and did not assert any deficiency in the evidence as a whole. Because Crabb failed to raise this issue below, it is not properly before this court on appeal.[1] *See id.*

¶ 4 Crabb also asserts that the jury verdict form improperly stated one of the charges. This issue, too, is unpreserved. Accordingly, we do not address it further.

¶ 5 Crabb next asserts that the trial court erred in denying his motion to dismiss based on the lack of foundation for drug evidence, asserting a break in the chain of custody of a baggie containing drug residue. This issue is inadequately briefed in the single paragraph on this matter. Crabb cites one case in support. However, rule 24(a)(9) of the Utah Rules of Appellate Procedure, which sets out briefing standards, "requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). Crabb fails to articulate any reasoned analysis of why the asserted break in the chain of custody after the substance was tested detracted from the foundation established for the evidence through the testimony of the lead detective who collected the sample and the forensic scientist who tested it. It is well established that appellate courts need not address arguments that are inadequately briefed. *See id.* at 304. Accordingly, we decline to further address this issue.

¶ 6 Crabb also asserts that the trial court committed plain error by failing to dismiss the case when a urine sample thought to be lost was determined, through trial testimony, to be in a specific location

---

1. Generally, appellate courts will not consider an issue brought for the first time on appeal unless plain error is shown. *See State v. Pinder*, 2005 UT 15, ¶ 45, 114 P.3d 551. When a party seeks review of an unpreserved issue, that party must articulate an appropriate justification for appellate review, such as plain error, in the party's opening brief. *See id.* In his reply brief, Crabb asserts that the insufficiency of the evidence issue was presented in this court under the plain error doctrine for review. He is incorrect. He did not present this issue under plain error in his opening brief, and therefore, we do not consider the issue.

and available. When an issue is not properly preserved for appeal, this court may review the issue under the plain error doctrine. To establish plain error, a defendant must show that an error occurred, the error should have been obvious to the trial court, and the error was harmful. *See State v. Dean,* 2004 UT 63, ¶ 15, 95 P.3d 276. However, plain error review is precluded if the asserted error below is invited by defense counsel. *See State v. Winfield,* 2006 UT 4, ¶ 14, 128 P.3d 1171. The invited error exception to plain error review assures that a party cannot take advantage of an error committed at trial when that party led the court into committing the error. *See id.* ¶ 15.

¶ 7 Here, any error regarding the trial court's remedy addressing the discovery that the urine sample had not in fact been lost is beyond plain error review because the error, if any, was invited by defense counsel. Prior to trial, both the prosecution and the defense believed the urine sample to be lost. When trial testimony indicated otherwise, a lengthy discussion among counsel and the court addressed how to handle the discovery. The defense strategy at trial was to portray the investigation into the charges as sloppy and unreliable based on lost evidence such as crime scene photos and the urine sample. With the new discovery that the urine sample still existed, that strategy may have been impaired, and the timing of the revelation did not permit any other use of the sample. As a result, defense counsel requested that the court hold the prosecution to its prior representation that the sample was lost. The prosecutor and defense counsel stipulated that the trial court could tell the jury that the urine sample was lost. Thus, defense counsel chose Crabb's remedy for the State's failure to produce the sample prior to trial. The stipulation regarding the evidence lent support to the defense theory that the police mishandled evidence at every point in the investigation. This strategic choice by defense counsel constitutes invited error because counsel affirmatively chose the remedy and led the trial court into taking the action that is now asserted as error. Accordingly,

this issue is beyond the reach of plain error review.[2] *See id.*

¶ 8 Finally, Crabb argues that the trial court erred when it declined to give a requested jury instruction. "Whether the trial court's refusal to give a proposed jury instruction constitutes error is a question of law, which we review for correctness." *State v. Hamilton,* 827 P.2d 232, 238 (Utah 1992). It is not error to refuse a proposed instruction if the matter is properly covered in other instructions. *See id.* An instruction including "no reasonable alternative hypothesis" language is merely "one way of stating the prosecution's burden of proof, which requires proof beyond a reasonable doubt." *Id.* at 236 n. 1. Accordingly, because the trial court gave a "reasonable doubt" instruction regarding the State's burden of proof, this point of law was covered in the instructions. As a result, there was no error in declining Crabb's proposed instruction. *See State v. Shaffer,* 725 P.2d 1301, 1312 (Utah 1986) (stating the rule that a "reasonable alternative hypothesis" instruction is unnecessary "where the jury is instructed that the State must prove a defendant's guilt beyond a reasonable doubt").

¶ 9 Affirmed.

---

2. We could decline to reach this issue based on inadequate briefing as well. Like the chain of custody argument, reasoned analysis and application of the plain error elements are lacking. Conclusory statements and random citations do not constitute reasoned argument.