*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 80**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

KARI L. BAUMANN,
*Appellant,*

*v.*

THE KROGER COMPANY and
GREGORY P. TAYLER,
*Appellees.*

No. 20160686
Filed November 20, 2017

On Certiorari to the Utah Court of Appeals

Fourth District, Heber
The Honorable Fred D. Howard
No. 130500017

Attorneys:

Gregory W. Stevens, Salt Lake City, for appellant

Todd C. Hilbig, Andrea M. Keysar, Salt Lake City,
for appellee The Kroger Company

Carolyn Stevens Jensen, Jennifer M. Brennan, Salt Lake City,
for appellee Gregory P. Tayler, M.D.

JUSTICE HIMONAS authored the opinion of the Court,
in which JUSTICE DURHAM and JUSTICE PEARCE joined.

ASSOCIATE CHIEF JUSTICE LEE filed a concurring opinion,
in which CHIEF JUSTICE DURRANT joined.

JUSTICE HIMONAS, opinion of the Court:

## INTRODUCTION

¶ 1    Kari Baumann sued her physician and her pharmacy for overprescribing medication. But Ms. Baumann failed to designate

any expert on the applicable standards of care until the day on which the district court had scheduled the summary judgment hearing. Even then, she only designated an expert on the pharmacy's standard of care, not the physician's. Applying the standard in rule 26 of the Utah Rules of Civil Procedure, the district court excluded the late-designated expert. It then awarded summary judgment to both defendants based on its determination that without expert testimony Ms. Baumann would be unable to show that either the physician or the pharmacy had violated the applicable standard of care.

¶ 2    On appeal to the court of appeals, Ms. Baumann argued that the district court should have applied rule 16, instead of rule 26, in assessing whether to exclude the expert that she designated. She also argued that the district court erred in failing to give her more of an opportunity to procure and designate an expert on the physician's standard of care—even though she did not ask for more time and did not otherwise give any indication that such an expert would be forthcoming.

¶ 3    The court of appeals correctly held that Ms. Baumann had failed to preserve her argument that the district court ought to have given her more time to find an expert on the physician's standard of care. The court of appeals also upheld the district court's grant of summary judgment to the pharmacy. But even though the pharmacy had argued that Ms. Baumann had failed to preserve her argument that the district court should have applied rule 16, the court of appeals resolved this issue on the merits. It also reached out and decided an issue that had not been briefed to it—whether the district court had abused its discretion under rule 26—reaching the right result but announcing an erroneous rule of law in the process.

¶ 4    We correct the court of appeals' legal error and affirm the court of appeals on the alternative ground that Ms. Baumann failed to preserve any of the issues she appealed.

## BACKGROUND

¶ 5    Kari L. Baumann sued her physician (Dr. Gregory P. Tayler) and her pharmacy (Smith's, *nom de guerre* of The Kroger Company), accusing them of overprescribing drugs. But she did not designate any experts on the applicable standards of care for physicians or pharmacies until after the discovery deadlines had

all passed and the defendants' summary judgment motion—rooted in the proposition that the standards of care related to prescribing and dispensing blood pressure medication could only be proved by expert testimony—had been fully briefed. Indeed, it was not until the day originally set for the summary judgment hearing that Ms. Baumann attempted to designate an expert on the pharmacy's standard of care.[1] She never designated an expert on the physician's standard of care.

¶ 6    The district court granted summary judgment in favor of the physician and the pharmacy. Based on established Utah law, it ruled that Ms. Baumann could not make out a prima facie case without expert testimony about the applicable standards of care. *See, e.g.*, *Dalley v. Utah Valley Reg'l Med. Ctr.*, 791 P.2d 193, 195–96 (Utah 1990) ("To establish the standard of care required of a physician in a particular field, breach of that standard, and proximate cause, the plaintiff is generally required to produce an expert witness who is acquainted with the standards of care in the same or a similar field as the defendant doctor." (citations omitted)). Based on this law, the court awarded summary judgment to both the pharmacy and the physician. It awarded summary judgment to the physician because Ms. Baumann had never submitted an expert report on the physician's standard of care. And it awarded summary judgment to the pharmacy because, even though Ms. Baumann had submitted an expert report on the pharmacy's standard of care, she had submitted it late for no good reason—which, the district court ruled, meant that she could not rely on it at trial. *See* UTAH R. CIV. P. 26(d)(4) ("If a party fails to disclose or to supplement timely a disclosure or response to discovery, that party may not use the undisclosed witness, document or material at any hearing or trial unless the failure is harmless or the party shows good cause for the failure.").

---

[1] The district court initially scheduled oral argument on defendants' summary judgment motion for November 17, 2014. At the hearing, Ms. Baumann's husband sought to speak for her. The district court sustained an objection to proceeding in this manner, but granted Ms. Baumann a continuance to January 5, 2015, to either obtain counsel or represent herself.

¶ 7    On appeal to the Court of Appeals, Ms. Baumann made two arguments why the district court erred in excluding her late-designated expert and granting summary judgment on that basis. First, citing our recent decision in *Coroles v. State*, 2015 UT 48, 349 P.3d 739, she argued that the appropriate sanction for late discovery is the more forgiving standard set forth in rule 16 of the Utah Rules of Civil Procedure instead of the sanction for late discovery articulated in rule 26.[2] Notwithstanding the fact that she had never asked the district court to apply rule 16—and, indeed, attempted to lodge her expert report "under URCP 26"— Ms. Baumann argued that the district court erred when it applied the sanction for late discovery in rule 26 instead of the sanction in rule 16. Noting that she had been proceeding pro se, Ms. Baumann also argued that the district court abused its discretion in finding that no good cause excused Ms. Baumann's decision to file her expert report late.

¶ 8    In addition to challenging the district court's decision to exclude the late-designated expert on the pharmacy's standard of care, Ms. Baumann also argued that the district court should have *sua sponte* postponed ruling on the *physician's* motion for summary judgment and extended the discovery deadlines to allow Ms. Baumann the opportunity (if she were so inclined) to find and designate an expert on the applicable physician's standard of care. Even though the district court had not applied rule 26 to exclude an expert on the physician's standard of care— there was, after all, no expert to exclude—Ms. Baumann argued to the court of appeals that the district court abused its discretion because it failed to consider whether postponing the summary judgment hearing and allowing Ms. Baumann to locate an expert on the physician's standard of care would have been harmless. *See*

---

² Rule 16 provides that if a party fails to obey a pretrial order "the court, upon motion or its own initiative, may take any action authorized by Rule 37(b)." UTAH R. CIV. P. 16(d). Rule 37(b), in turn, permits (but does not require) a wide array of sanctions, ranging from dismissal of the action to a stay or payment of reasonable costs, expenses, and attorney fees caused by the failure. *Id.* 37(b). Thus, unlike rule 26, rule 16 gives the court much wider discretion in deciding what, if any, sanction to impose.

UTAH R. CIV. P. 26(d)(4) (exclude late-disclosed discovery "unless the failure is harmless or the party shows good cause for the failure").

¶ 9   Both the pharmacy and the physician filed response briefs. The physician argued, among other things, that Ms. Baumann's challenge to the district court's "exclusion" of a nonexistent expert on the physician's standard of care was unpreserved—a textbook example of an issue that has not been "presented to the [district] court in such a way that the . . . court has an opportunity to rule on" it. *In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 25, 266 P.3d 702 (citation omitted).

¶ 10   The pharmacy likewise argued preservation:

> In this case, the only issue that Ms. Baumann seeks review of on appeal with regard to . . . her claims against Smith's Pharmacy is whether 'the District Court abused its discretion under Rule 16(d) of the Utah Rules of Civil Procedure by excluding an untimely expert report submitted by a pro se party when the Court decided the Defendants-Appellees' motion for summary judgment.' However, Ms. Baumann . . . does not provide any citation to the record showing that this issue was preserved in the district court. Ms. Baumann also fails to set forth a statement of grounds for seeking review of this unpreserved issue.

¶ 11   In the event that the court of appeals reached the merits, the pharmacy further argued that the district court had not abused its discretion in applying rule 26 instead of rule 16. It argued that *Coroles* required the application of the more forgiving sanctions in rule 16 only when discovery, even though disclosed late, is nonetheless disclosed well before trial or a hearing on a dispositive motion (not the case here). And it argued that, regardless of whether rule 16 or rule 26 applied, the court had ample justification for excluding the expert report under the circumstances of the case; Ms. Baumann had agreed to an extended discovery schedule and still failed to make the requisite disclosures until the very day that the summary judgment hearing was first scheduled—months after the applicable discovery

deadlines and after a summary judgment motion predicated on Ms. Baumann's failure to designate experts had been fully briefed.

¶ 12  The court of appeals upheld the district court's decision. It first agreed that Ms. Baumann's appeal was unpreserved as it pertained to the physician. *Baumann v. Kroger Co.*, 2016 UT App 165, ¶ 10, 381 P.3d 1135. The court of appeals then turned to the district court's refusal to consider Ms. Baumann's late-filed expert report on the pharmacy's standard of care. Leaping over the pharmacy's preservation argument, the court of appeals held that the district court did not err in applying rule 26, instead of rule 16, reasoning that, under *Coroles*, "rule 26 is controlling" where a litigant "fail[s] to disclose her expert witness until the day of the hearing on" a dispositive motion. *Id.* ¶ 19.

¶ 13 While the court of appeals did not address the pharmacy's preservation argument, it did consider an argument that Ms. Baumann had not made—the argument that the district court erred in failing to make an explicit finding that allowing Ms. Baumann to offer the late-designated expert would have been prejudicial to the pharmacy.[3] Reaching out beyond the briefing before it, the court of appeals held that the district court was not required to make this finding: "[i]t is well settled that a district court's exclusion of materials may be supported if the court makes a finding that there is either no good cause for the failure or that the failure is harmful." *Id.* ¶ 18 n.8 (emphases omitted) (citations omitted). Thus, because the district court had found that there was no good cause for Ms. Baumann's violation of the discovery schedule, the court of appeals held that it did not need to consider whether that violation was harmless.

¶ 14 We granted certiorari and now affirm the court of appeals, but on different grounds. Utah Code section 78A-3-102(3)(a) gives us jurisdiction.

---

[3] Ms. Baumann had argued that the district court erred in failing to consider whether allowing Ms. Baumann to designate an expert with respect to the physician would have been harmless, but she did not make the same argument with respect to the district court's exclusion of the late-designated expert on the pharmacy's standard of care.

**STANDARD OF REVIEW**

¶ 15  "On certiorari, we review for correctness the decision of the court of appeals, not the decision of the trial court." *State v. Levin*, 2006 UT 50, ¶ 15, 144 P.3d 1096 (citation omitted). "The correctness of the court of appeals' decision turns, in part, on whether it accurately reviewed the trial court's decision under the appropriate standard of review." *Id.* (citation omitted). It also turns on whether it correctly assessed preservation of the issues before it. *Prinsburg State Bank v. Abundo*, 2012 UT 94, ¶ 11, 296 P.3d 709.

**ANALYSIS**

¶ 16  But for a set of procedural irregularities that we address below, this is among the simplest of cases for an appellate court to resolve. On certiorari to this court, Ms. Baumann argues (1) that the district court erred in applying rule 26 instead of rule 16 to the expert report on the pharmacy's standard of care and (2) even if rule 26 applies, that the district court abused its discretion in failing to consider whether allowing the late-designated expert would have been harmless.

¶ 17  First, Ms. Baumann's argument that the district court erred in applying rule 26, instead of rule 16, to the expert report on the pharmacy's standard of care is unpreserved. Ms. Baumann never asked the district court to admit the late-designated expert report under rule 16. Instead, she virtually invited the court to apply rule 26. In a document styled "Plaintiff's URCP 26 Expert Report in Response to Reply to Memorandum in Support of Statement Opposing Defendants' Motion for Summary Judgment," Ms. Baumann submitted the expert report "under URCP 26." This submission arguably invited the district court to apply rule 26 instead of rule 16. *See State v. McNeil*, 2016 UT 3, ¶ 17, 365 P.3d 699 ("Under the doctrine of invited error, an error is invited when counsel encourages the trial court to make an erroneous ruling."). And this error is not excused by Ms. Baumann's pro se status. *See Allen v. Friel*, 2008 UT 56, ¶ 11, 194 P.3d 903 (emphasizing that, "[a]s a general rule, a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar" (alteration in original) (citation omitted)).

¶ 18 At minimum, Ms. Baumann did not preserve her argument that the district court erred in applying rule 26's sanctions instead of the more forgiving standard set forth in rule 16. And, on appeal, she does not argue that the plain error doctrine or exceptional circumstances warrant our reaching this unpreserved issue. *Cf. Coleman ex rel. Schefski v. Stevens*, 2000 UT 98, ¶ 9, 17 P.3d 1122 ("[B]ecause Mr. Coleman did not properly raise these three issues in the trial court and thereby preserve them for appellate review, and because he argued plain error or manifest injustice for the first time in his reply brief, we decline to review them."). Therefore, even if the invited error doctrine does not apply, *see McNeil*, 2016 UT 3, ¶ 17 (purpose of invited error doctrine is to discourage "intentionally"—not inadvertently— "misleading" the district court) (citation omitted), Ms. Baumann has waived this issue.

¶ 19 Second, Ms. Baumann did not argue to the court of appeals that the trial court abused its discretion when it failed to consider whether allowing the late-designated expert to testify would have been harmless—i.e., when it failed to expressly hold that exclusion was appropriate under rule 26 because allowing the expert to testify would have prejudiced the pharmacy. Instead, Ms. Baumann argued that the district court abused its discretion in applying rule 26 to exclude "an additional expert report applicable to the doctor," not the pharmacy. At one point, she (somewhat confusingly) argued that this decision was error because the district court's "sole basis . . . was that Ms. Baumann . . . did not establish good cause that excused her failure to file"— when, in fact, this was the basis for the court's decision to exclude the late-designated expert on the *pharmacy's* standard of care. But it is clear in context that Ms. Baumann's argument to the court of appeals was that the district court's conclusion that "an additional expert report [, i.e., an expert report on the physician's standard of care,] should be excluded . . . constitute[d] an abuse of discretion." Indeed, in her court of appeals reply brief, Ms. Baumann conceded that this portion of her argument focused on the undisclosed expert on the physician's standard of care, and she asked the court of appeals to apply the exceptional circumstances doctrine to reach this issue—a request she does not renew before us.

¶ 20 In any event, Ms. Baumann made no attempt to show that admitting the late-designated expert evidence on the pharmacy's standard of care—evidence on whose absence the pharmacy relied in briefing multiple trial court memoranda in support of summary judgment—would have been harmless. Indeed, as we have explained, Ms. Baumann makes the argument that the district court should have applied rule 26 to find that allowing expert testimony on the pharmacy's standard of care would have been harmless for the first time before this court. And she does not ask us either to apply the plain error doctrine or to find that exceptional circumstances exist. Accordingly, this point, too, is waived.

¶ 21 Finally, there is no question that the court of appeals got it right when it affirmed the district court's decision to grant summary judgment in favor of the physician in this case. As the court of appeals put it, "the district court could not have abused its discretion in not making a ruling it was never asked to make." *Baumann v. Kroger Co.*, 2016 UT App 165, ¶ 11, 381 P.3d 1135. Moreover, Ms. Baumann's brief to this court does not ask us to accord any relief that would require the district court to exhume the cause of action Ms. Baumann pleaded against her physician. We therefore affirm the court of appeals on this ground; the district court was right to grant summary judgment in favor of Dr. Tayler.

¶ 22 In a clean case, this would be the end of the matter. The problem is that the court of appeals looked past the pharmacy's preservation arguments to the merits of whether the district court should have applied rule 16 instead of rule 26 in deciding to exclude the late-designated expert. *See id.* ¶¶ 17–22. The court of appeals also chose to address an issue that neither party had briefed—whether a litigant must show both good cause and harmlessness before his or her discovery violation is excused under rule 26. *See id.* ¶ 18 n.8.[4] And, on appeal, the pharmacy does

---

[4] The court of appeals was wrong to hold that a litigant may obtain relief from a discovery violation under rule 26 only if he or she can show *both* that the violation was excused by good cause *and* that no prejudice would come from excusing the violation. *See Baumann v. Kroger Co.*, 2016 UT App 165, ¶ 18 n.8, 381 P.3d 1135

(cont.)

not expressly argue that the court of appeals erred in disregarding the preservation requirement or in resolving an issue that had not been briefed to it—a failure that raises the specter of inadequate briefing, given that, on certiorari, our court sits to review the court of appeals. *See Butterfield v. Okubo*, 831 P.2d 97, 101 n.2 (Utah 1992) ("[W]hen exercising our certiorari jurisdiction . . . we review a decision of the court of appeals, not of the trial court. Therefore, the briefs of the parties should address the decision of the court of appeals, not the decision of the trial court." (citation omitted)).

---

(Because "[i]t is well settled that a district court's exclusion of materials may be supported if the court makes a finding that there is *either* no good cause for the failure *or* that the failure is harmful . . . . it is unnecessary for us to examine whether there was harm." (citations omitted)). But as the court of appeals has recognized elsewhere, a showing of either one of good cause or harmlessness is enough to avoid sanction under rule 26. Both do not need to be shown. *See Dahl v. Harrison*, 2011 UT App 389, ¶ 22, 265 P.3d 139 ("[T]he language of rule [26(d)(4)] of the Utah Rules of Civil Procedure] makes the filing of adequate expert reports a condition precedent to testimony by the experts at trial, unless the failure to disclose is harmless or the party shows good cause for the failure to disclose. Here, the court expressly found that *neither* of those exceptions was applicable." (emphasis added) (footnote omitted) (citation omitted) (internal quotation marks omitted)).

We are not unaware that we have now reached out to correct the court of appeals' erroneous statement of law on an issue that we have found unpreserved, even as we explain that appellate courts ought not to reach unpreserved issues. While we are tempted, on this point, simply to take solace in our infallibility, *see Brown v. Allen*, 344 U.S. 443, 540 (1953) (Jackson, J., concurring) ("We are not final because we are infallible, but we are infallible only because we are final."), we ultimately conclude that it is appropriate to reach this question because it is squarely within the purview of a supreme court to superintend the proper interpretation of the procedural rules by correcting misleading dicta in appellate opinions. *Cf. Patterson v. Patterson*, 2011 UT 68, ¶ 20, 266 P.3d 828 ("As the state's highest court, we have a responsibility to maintain a sound and uniform body of precedent . . . .").

¶ 23 Notwithstanding these irregularities, we ultimately conclude that we may—and should—pierce through the court of appeals' merits decision to reach the preservation problems within.

¶ 24 First, while the pharmacy has not explicitly stated that the court of appeals erred in failing to affirm the district court on preservation grounds, it has done everything short of that. It has cogently explained why the issues were unpreserved at the district court level, and it has pointed out deficiencies in Ms. Baumann's appellate briefs—thereby giving Ms. Baumann ample opportunity to respond. Moreover, unlike in a case where a party ignores analysis undertaken by the court of appeals, here the court of appeals simply did not analyze the preservation problems that had been put before it. *Cf. Scott v. Scott*, 2017 UT 66, ¶ 19, —P.3d— (we will be less inclined to conclude that the court of appeals erred in reaching an unpreserved issue "where the court of appeals explain[s] its rationale for reaching [that] arguably unpreserved issue"). While that was the misstep around which the pharmacy should have oriented its brief to this court, in this case neither judicial economy nor fairness would be advanced by declining to resolve this case on preservation grounds— especially given that the preservation issue is otherwise squarely briefed to us. *See Fort Pierce Indus. Park Phases II, III & IV Owners Ass'n v. Shakespeare*, 2016 UT 28, ¶ 13, 379 P.3d 1218 (the point of preservation is to promote fairness and judicial economy).

¶ 25 Second, the pharmacy prevailed in the district court and the court of appeals. And while the court of appeals ultimately reached the merits of Ms. Baumann's unpreserved argument, it did not explain why. Because of this, Ms. Baumann has consistently born the burden of persuasion throughout her appeal. *See Broderick v. Apartment Mgmt. Consultants, L.L.C.*, 2012 UT 17, ¶ 19, 279 P.3d 391 ("[A]ppellants bear the burden of persuasion on appeal . . . ." (citations omitted)); *see also Scott*, 2017 UT 66, ¶ 19 (when the court of appeals gives reasons for reaching an arguably unpreserved issue, the appellee on certiorari may sometimes have a burden to "do more than just point out that the issue was unpreserved in the district court"). But she has never sought to argue that we should reach the obviously unpreserved issues in this case under either our plain error or exceptional circumstances doctrine. An appellant can hardly carry her burden

of persuasion on an unpreserved issue if she does not do a plain error or exceptional circumstances analysis because, in failing to do such an analysis, she will have necessarily failed to explain why we should reach the issue of which she complains. *See State v. Green*, 2004 UT 76, ¶ 13, 99 P.3d 820 ("As we have noted many times before, this court is not a depository in which the appealing party may dump the burden of argument and research." (internal quotation marks omitted) (citations omitted)); *see also State v. Crabb*, 2011 UT App 440, ¶ 7 n.2, 268 P.3d 193 (inadequate briefing where "reasoned analysis and application of the plain error elements are lacking"). Moreover, we do not believe it would be prudent to follow the court of appeals' lead and reach the unpreserved issue in this case. One of the most important purposes of preservation is that it allows an issue to be fully factually, procedurally, and legally developed in the district court. The preservation rule thus enables us to analyze both the application of a legal rule or principle to a concrete and well-developed dispute and, nearly as important, the effect of the district court's ruling on the overall course of the proceedings below. The preservation rule also gives the appellate court the benefit of a trial judge's reasoning and analysis on the issue at hand. This is especially helpful in a case, like this one, involving the correct interpretation and application of precedent interpreting the Utah Rules of Civil Procedure—rules that our district courts live and breathe every day.

¶ 26 On the merits, this case calls for a clarification of *Coroles v. State*, 2015 UT 48, 349 P.3d 739. The issue is under what circumstances *Coroles* requires district courts to apply the sanctions set forth in rule 16 of the Utah Rules of Civil Procedure as opposed to those articulated in rule 26. This is the kind of procedural issue on which it would be helpful for this court to have a full record developed below—one that illustrates the thinking of our district courts on this question and contains factual development bearing on what range of sanctions might fall within the appropriate exercise of a district court's discretion. Such a developed record will naturally sharpen the issues and help us reach a wiser and better considered opinion.

## CONCLUSION

¶ 27 Ms. Baumann did not preserve her claims that the district court ought to have applied rule 16 instead of rule 26 and

that it abused its discretion in declining to find, on the record, that admitting a late-filed expert report whose absence had been the very predicate of all summary judgment proceedings would have been harmless. The court of appeals' decision is affirmed on these alternative grounds; footnote 8 is vacated.

———————

ASSOCIATE CHIEF JUSTICE LEE, concurring in part and concurring in the judgment:

¶ 28   I concur in every element of the majority opinion except for footnote 4. That footnote, as the court concedes, "reache[s] out" to decide an issue "that we have found unpreserved." *Supra* ¶ 22 n.4. We are doing so, moreover, in a case in which we are reversing the court of appeals for improperly reaching an unpreserved issue.

¶ 29   This strikes me as a double standard. We are an appellate court. And we are as subject to the law of preservation as is the court of appeals. We should heed the lessons of our own opinions. When we fail to do so we create the impression that we have confused the finality of our decisions with the infallibility of our decisionmaking.

¶ 30   Our court does have power to "superintend the proper interpretation of the procedural rules." *Supra* ¶ 22 n.4. But our authority to do so is hardly unbounded. We "superintend" the rules through the proper exercise of appellate jurisdiction. Or by the promulgation or amendment of our rules of procedure. But not by dropping a footnote resolving an issue that is not properly presented for our decision.

———————