Justice Himonas, opinion of the Court:[1]
*1219 INTRODUCTION
¶1 This appeal presents us with the unfortunate case of a divorce being strung out for the better part of a decade while the parties contest issues of child support and parent-time. The court of appeals held that it had limited appellate jurisdiction over this matter and that the district court's orders regarding child support and parent-time should be upheld. We agree and now affirm.
BACKGROUND
Trial and Amended Divorce Decree
¶2 Kristen Pulham and William Kirsling were married in September 2008. In November 2008, Pulham gave birth to the couple's only child (Child). In March 2010, Pulham filed a petition for divorce. In June 2012, the district court entered a bifurcated decree of divorce, reserving issues such as custody and child support for trial.
¶3 The district court held a bench trial in June 2014 and entered detailed findings of fact and conclusions of law that are reflected in an amended divorce decree issued November 4, 2014 (the Amended Decree). Relevant to this appeal are the issues of custody and child support.
¶4 Regarding custody, the district court found that Pulham had been Child's primary caregiver since birth and was acting as a full-time caregiver in her home in Tooele, where she lived with her new husband. It also found that Kirsling had resided in a number of places since the divorce, including Taylorsville, Brigham City, and Phoenix. Kirsling requested the district court to order that Child be enrolled at a school near his home in Taylorsville for three years and then Child's enrollment should be shifted to a school near Pulham's home in Tooele. The district court considered this arrangement impractical and unworkable, noting that this plan would require Child to spend a considerable amount of time commuting by car.[2] The district court also noted that Kirsling's plan would require Child to go through an unnecessary adjustment by switching schools and therefore his plan was not in the best interests of the child. Accordingly, the district court awarded Pulham and Kirsling joint legal and physical custody, but designated Pulham as Child's primary caretaker and Pulham's home as Child's primary residence. Kirsling was awarded parent-time with Child that amounted to approximately forty percent of the possible nights per year.
¶5 With respect to child support, the district court found that the parties had stipulated to Pulham's income for child support purposes at $ 30 per month and Kirsling's income for child support purposes at $ 4,580 per month. Accordingly, the district court ordered Kirsling to pay Pulham $ 548 per month for child support.
Motion for a New Trial and First Appeal
¶6 Kirsling moved for a new trial pursuant to Utah Rule of Civil Procedure 59, claiming: (1) accident or surprise under rule 59(a)(3) ; (2) newly discovered material evidence under rule 59(a)(4) ; (3) insufficiency of the evidence under rule 59(a)(6) ; and (4) error in law under rule 59(a)(7). As to accident and surprise, Kirsling argued that he expected the *1220 trial to be focused on past events, but the district court's focus on going forward was a surprise that ordinary prudence could not have guarded against. As to newly discovered evidence, Kirsling stated that he was able to locate a copy of a money order that Pulham had denied receiving at trial and he was now able to prove that Pulham had cashed the money order. As to insufficiency of the evidence, Kirsling argued that the district court erred in not imputing income to Pulham pursuant to Utah Code section 78B-12-203, that the parties did not stipulate to any imputation of income but the district court nonetheless imputed $ 30 per month income to Pulham based on a supposed stipulation, and that the district court did not provide an explanation for a number of rulings on parent-time and miscellaneous fees. Finally, as to error in law, Kirsling argued that the district court was required to provide a detailed explanation as to why it had not followed the recommendations of a custody evaluator and that the district court did not show why Pulham's income imputation was not calculated pursuant to Utah Code section 78B-12-203.
¶7 On June 17, 2015, the district court entered an order denying Kirsling's motion for a new trial. With respect to accident or surprise, the district court noted that, while the court had advised the parties that their time would be best spent focusing on issues going forward, the court did not prevent the parties from discussing past events. Furthermore, the parties did spend a significant amount of the trial focused on past events. With respect to newly discovered evidence, the district court ruled that Kirsling had failed to establish whether and why he was unable to obtain the copy of the money order before trial. With respect to insufficiency of the evidence, the district court explained that many of Kirsling's claims confused conclusions of the court with evidence presented to the court. In other words, Kirsling's insufficiency of evidence arguments were actually complaints about the district court's reasoning and application of facts to law-not complaints regarding the sufficiency of the underlying evidence. Finally, with respect to error in law, the district court held that any alleged errors complained of by Kirsling did not rise to errors of law and that it was within the court's discretion to issue the order it did regarding custody, parent-time, and child support.
¶8 On July 17, 2015, Kirsling filed a notice of appeal from the district court's order denying his motion for a new trial (the First Appeal) stating:
Kirsling appeals to the Utah Court of Appeals the final Decree of Divorce ... entered in this matter on June 17, 2015. The Appeal is taken from such parts of the judgment as follow[s]:
(1) Paragraph 3 regarding child support calculation;
(2) Paragraph 4 wherein Mr. Kirsling was ordered to pay $ 1,791.00 in child support and ORS fees and $ 2,512.00 in child care expenses; and
(3) Paragraph 8 wherein all charges of Contempt are dismissed.
Petition to Modify the Amended Decree and Second Appeal
¶9 On the same day that he filed his notice of appeal in the First Appeal, Kirsling filed a petition to modify the Amended Decree. In that motion, Kirsling argued that a "significant change of circumstances" had occurred as a result of his relocation to Stansbury Park, which is a short drive from Pulham's home in Tooele. Kirsling claimed that this change entitled him to a modification of his parent-time because the sizable distance between Tooele and Taylorsville-acknowledged by the district court in the denial of his original custody request-was no longer an issue. The petition also noted that Kirsling had filed the First Appeal "on three sections of the Decree of Divorce" but that "none of these sections pertain to or affect" the petition to modify the Amended Decree.
¶10 In an order dated February 25, 2016, the district court denied Kirsling's petition to modify the Amended Decree. The district court noted that Kirsling had historically been migratory in nature and expressed concern that his stop in Stansbury Park would be similarly brief. Additionally, the district court stated that it was concerned that Kirsling made the move for the sole purpose of *1221 "creat[ing] a change of circumstances" in an effort to modify the Amended Decree.[3] In denying the petition, the district court stated that "the 'change of circumstances' threshold is high" and concluded that Kirsling's move to Stansbury Park, in and of itself, was "wholly insufficient to create a sufficient change in circumstances to warrant reconsideration" of the Amended Decree.
¶11 On March 28, 2016, Kirsling filed a notice of appeal regarding the district court's denial of his petition to modify the Amended Decree (the Second Appeal).
Court of Appeals Opinion
¶12 The court of appeals consolidated the First Appeal and Second Appeal for purposes of its opinion. It affirmed the district court's orders in both appeals.
¶13 With respect to the First Appeal, the court of appeals identified a threshold question regarding the scope of the appeal: whether Kirsling had limited the issues on appeal to the three sections of the Amended Decree that he identified in the notice of appeal. Kirsling argued that the reference to specific sections of the Amended Decree did not waive his right to appeal the entire order denying his motion for a new trial. The court of appeals disagreed, holding that Kirsling's notice of appeal manifested an intent to appeal the district court's order only as to the three sections of the Amended Decree mentioned in the notice of appeal. Accordingly, the court of appeals limited its jurisdiction in the First Appeal to those three issues.[4]
¶14 On the issue of child support, the court of appeals noted that the district court may have erred in finding that Pulham had a monthly income of $ 30 based on a seemingly nonexistent stipulation.[5] But the court of appeals concluded that, even if this was error, no reversal was required because that alleged error most likely benefited Kirsling by attributing to Pulham income that she did not in fact have. In other words, the alleged error likely resulted in Kirsling's monthly child support obligations being lowered. The court of appeals also rejected Kirsling's argument that the district court erred in not imputing income to Pulham under Utah Code section 78B-12-203. The court of appeals noted that imputation of income is discretionary and that the record was devoid of any of the information necessary for an imputation of income. Accordingly, the court of appeals held that it could not conclude the district court had committed legal error in not imputing income to Pulham.
¶15 Regarding child care expenses, the court of appeals held that Kirsling's arguments failed because he did not address the district court's reasoning for denying his motion. Specifically, Kirsling did not provide evidentiary support for his assertion that he could not obtain certain evidence prior to trial.
¶16 With respect to the Second Appeal, the court of appeals affirmed the district court's denial of Kirsling's petition to modify the Amended Decree. The court of appeals found that the district court did not apply a "substantial change of material circumstances" standard in denying Kirsling's petition. Additionally, the court of appeals noted that the district court considered the merits of Kirsling's petition rather than rejecting Kirsling's petition on an application of a standard. Furthermore, the court of appeals held that Kirsling's argument regarding the correct *1222 standard to use failed for lack of preservation. Because Kirsling never identified the standard under which his petition should be reviewed-let alone a standard less strict than substantial change of material circumstances-the court of appeals held that he could not now argue that the district court applied the wrong standard.[6]
¶17 We exercise jurisdiction under Utah Code section 78A-3-102(3)(a).
STANDARD OF REVIEW
¶18 "On certiorari, we review for correctness the decision of the court of appeals ...." Baumann v. Kroger Co. , 2017 UT 80, ¶ 15, 416 P.3d 512 (citation omitted) (internal quotation marks omitted). "The correctness of the court of appeals' decision turns, in part, on whether it ... correctly assessed preservation of the issues before it." Id. (citation omitted) (internal quotation marks omitted).
¶19 "[T]he interpretation of a rule of procedure is a question of law that we review for correctness." Drew v. Lee , 2011 UT 15, ¶ 7, 250 P.3d 48 (alteration in original) (citation omitted) (internal quotation marks omitted).
ANALYSIS
¶20 Kirsling raises three points of error on appeal. First, he argues that the court of appeals erred by construing his notice of appeal to limit the scope of the court of appeals' appellate jurisdiction in the First Appeal. Second, he argues that the court of appeals erred in affirming the district court's order regarding his child support obligations. And finally, he argues that the court of appeals erred in affirming the district court's order denying his petition to modify the Amended Decree.
¶21 We affirm the court of appeals on all three counts.
I. KIRSLING'S NOTICE OF APPEAL LIMITS THE SCOPE OF APPELLATE JURISDICTION
¶22 Kirsling's first alleged point of error is that the court of appeals erred in limiting the scope of the First Appeal to the three issues specifically listed in his notice of appeal. Kirsling argues that his notice of appeal vested the court of appeals with appellate jurisdiction over the Amended Decree and the order denying his motion for a new trial in their entirety. We disagree and affirm the court of appeals.
¶23 Utah Rule of Appellate Procedure 3(d) provides in relevant part that "[t]he notice of appeal ... shall designate the judgment or order, or part thereof, appealed from." We have held that " rule 3(d) 's requirement is jurisdictional." Jensen v. Intermountain Power Agency , 1999 UT 10, ¶ 7, 977 P.2d 474. Furthermore, we have said that "the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." Nunley v. Stan Katz Real Estate, Inc. , 15 Utah 2d 126, 388 P.2d 798, 800 (1964).
¶24 In this case, Kirsling's notice of appeal in the First Appeal states:
Kirsling appeals to the Utah Court of Appeals the final Decree of Divorce ... entered in this matter on June 17, 2015. The Appeal is taken from such parts of the judgment as follow[s]:
(1) Paragraph 3 regarding child support calculation;
(2) Paragraph 4 wherein Mr. Kirsling was ordered to pay $ 1,791.00 in child support and ORS fees and $ 2,512.00 in child care expenses; and
(3) Paragraph 8 wherein all charges of Contempt are dismissed.
As the court of appeals noted, the Amended Decree was entered on November 4, 2014, and the related order denying Kirsling's motion for a new trial was entered on June 17, 2015.
*1223 Pulham v. Kirsling , 2018 UT App 65, ¶ 31, 427 P.3d 261. In context, then, the reference to the "final Decree of Divorce" manifests an intent to appeal from the Amended Decree and the reference to the order "entered in this matter on June 17, 2015" manifests an intent to appeal from the related order denying Kirsling's motion for a new trial. Because Kirsling's notice of appeal sufficiently identifies both the Amended Decree and the related order denying his motion for a new trial, we agree with the court of appeals that those are "the judgment[s] or order[s] ... appealed from." Id. (alterations in original) (quoting UTAH R. APP. P. 3(d) ).
¶25 If Kirsling's notice of appeal had simply said "Kirsling appeals to the Utah Court of Appeals the final Decree of Divorce ... entered in this matter on June 17, 2015," then there would be little doubt that the court of appeals would have had appellate jurisdiction over the Amended Decree and the related order denying his motion for a new trial in their entirety. But this is not what Kirsling's notice of appeal says. Instead, the notice of appeal continues, "The Appeal is taken from such parts of the judgment as follow[s]:" and then lists three specific paragraphs from the Amended Decree. In other words, Kirsling's notice of appeal identifies these three paragraphs of the Amended Decree as "the part[s] thereof" appealed from. UTAH R. APP. P. 3(d). The court of appeals held that "[b]y expressly identifying the parts of the trial court's ruling from which the appeal was taken, Kirsling manifested an intent not to appeal the other parts of the trial court's Amended Decree and its related order denying his post-trial motion." Pulham , 2018 UT App 65, ¶ 32, 427 P.3d 261.
¶26 On certiorari, Kirsling argues that because his notice of appeal stated an intent to appeal from "the final Decree of Divorce ... entered in this matter on June 17, 2015," it conferred appellate jurisdiction on the court of appeals as to the Amended Decree and the order denying his motion for a new trial in their entirety. Stated differently, Kirsling contends that his reference to the Amended Decree and the order denying his motion for a new trial satisfied rule 3(d) 's requirement that a notice of appeal "designate the judgment or order ... appealed from" and that his subsequent reference to three specific issues in the Amended Decree did not limit appellate jurisdiction to those issues.
¶27 We read Kirsling's notice of appeal differently. His notice of appeal does reference the Amended Decree and the related order denying his motion for new trial. But, in context, they are referenced only to set up the rest of the notice of appeal. The initial reference to the Amended Decree and the order denying his motion for new trial is a necessary antecedent to the next sentence: "The Appeal is taken from such parts of the judgment as follow[s]: ...." Indeed, it would be impossible to specify the parts of a judgment from which an appeal is being taken without first identifying the judgment itself. This is exactly what Kirsling's notice of appeal does. It identifies the Amended Decree and the related order denying his motion for a new trial as the relevant judgment and then proceeds to identify the specific parts of that judgment that Kirsling intended to appeal from. We therefore agree with the court of appeals' conclusion that Kirsling's notice of appeal demonstrates a clear intent to appeal only from the three specific portions of the Amended Decree and that appellate jurisdiction is accordingly limited to those three issues.
¶28 We note that this construction of the notice of appeal is consistent both with our own precedent and the precedent of the federal circuit courts, whose notice of appeal requirements are substantially similar to those of rule 3(d). See FED. R. APP. P. 3(c)(1)(B) ("The notice of appeal must ... designate the judgment, order, or part thereof being appealed ....")
¶29 As we stated in Nunley , "the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." 388 P.2d at 800. Here, Kirsling's notice of appeal advised Pulham that he was appealing from the three specific portions of the Amended Decree related to child support, ORS fees, and contempt. Nothing in the notice of appeal indicates an intent to appeal from any other portions of the Amended Decree or the related order denying Kirsling's motion for a *1224 new trial such as the portions addressing child custody and parent-time.[7] If Kirsling wanted to appeal those other portions he could have (1) indicated a specific intent to appeal those portions in his notice of appeal or (2) simply indicated that he was appealing from the Amended Decree and the related order denying his motion for a new trial without specifying any particular portions of the judgment or order. To read Kirsling's notice of appeal as demonstrating an intent to appeal the Amended Decree or the related order denying his motion for a new trial would be to disregard the plain language of the notice of appeal and would run contrary to our long-held conviction that the notice of appeal must provide the opposing party with notice of what is being appealed.[8]
¶30 This result also tracks the general approach of the federal circuit courts, which "appear to apply the expressio unius principle, reasoning that a notice of appeal that specifies only part of a final judgment ... will not suffice to appeal other parts of the judgment (or other orders merged therein)."[9] Charles Alan Wright et al., 16A FEDERAL PRACTICE & PROCEDURE JURISDICTION § 3949.4 (4th ed. 2019) (citations omitted); see also, e.g. , Finch v. Fort Bend Indep. Sch. Dist. , 333 F.3d 555, 565 (5th Cir. 2003) ("When an appellant chooses to appeal specific determinations of the district court-rather than simply appealing from an entire judgment-only the specified issues may be raised on appeal."); Cunico v. Pueblo Sch. Dist. No. 60 , 917 F.2d 431, 444 (10th Cir. 1990) ("Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal. Plaintiff clearly intended to appeal only a portion of the trial court's order respecting damages and fees, and our jurisdiction does not extend to other matters of the judgment that plaintiff may now wish to appeal." (citations omitted)).
¶31 Because Kirsling's notice of appeal demonstrates a clear intent to appeal only from the three specific portions of the Amended Decree, we affirm the court of appeals' holding that appellate jurisdiction is limited to those three issues.
II. THE COURT OF APPEALS CORRECTLY UPHELD THE DISTRICT COURT'S ORDER REGARDING CHILD SUPPORT
¶32 Having established that Kirsling's notice of appeal limits appellate jurisdiction over the First Appeal, we now turn to the issue of whether the court of appeals erred in affirming the district court's order regarding child support. Kirsling alleges that the court of appeals' error was twofold. First, Kirsling contends that he is entitled to a new trial under rule 59(a)(6) because there was insufficient evidence to support the district court's *1225 child support calculations. Specifically, Kirsling takes issue with the fact that the district court found that the parties stipulated as to Pulham's monthly income, even though no such stipulation seems to exist. Second, Kirsling contends that he is entitled to a new trial under rule 59(a)(7) because the trial court did not impute income to Pulham pursuant to Utah Code section 78B-12-203. The court of appeals held that Kirsling was not entitled to a new trial based on these alleged errors. We affirm.
A. Any Alleged Error Related to Pulham's Monthly Income Was Harmless
¶33 The district court found that, for child support purposes, Pulham's monthly income was $ 30 per month. In the Amended Decree, the district court stated that this figure originated in a stipulation between the parties. On appeal, neither party is able to identify where the district court came up with the $ 30 per month figure. In other words, it appears that no such stipulation exists in the record.[10] Kirsling argues that this finding was in error and that he is therefore entitled to a new trial based on insufficiency of the evidence related to the district court's child support calculation. The court of appeals held that, even if the district court erred in finding that the parties stipulated to Pulham's monthly income, any such error would not merit reversal. Because we hold that any such error would amount to harmless error, we affirm.[11]
¶34 Utah Rule of Civil Procedure 59(a)(6) provides that "[e]xcept as limited by Rule 61, a new trial may be granted to any party on any issue" based on "insufficiency of the evidence to justify the verdict or other decision." Utah Rule of Civil Procedure 61, in turn, provides that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Furthermore, "we will not reverse a judgment merely because there may have been error; reversal occurs only if the error is such that there is a reasonable likelihood that, in its absence, there would have been a result more favorable to the complaining party." Child v. Gonda , 972 P.2d 425, 431 (Utah 1998).
¶35 Therefore, in considering whether Kirsling would have been harmed by this error, we must consider whether "there is a reasonable likelihood that, in its absence, there would have been a result more favorable to [Kirsling]." Id. We conclude that there is not a reasonable likelihood of a result more favorable to Kirsling if the district court had not found that Pulham had a monthly income of $ 30.
¶36 As the court of appeals noted, the evidence at trial demonstrated that Pulham was unemployed and had no income. Pulham v. Kirsling , 2018 UT App 65, ¶ 38, 427 P.3d 261. At trial, Pulham testified that she was unemployed and was acting as a full-time stay-at-home parent. When asked why she stopped working in favor of becoming a stay-at-home parent, Pulham responded that she was "barely making anything" once she subtracted child care expenses from her income and that "it just wasn't enough to be worth working." Additionally, Kirsling's counsel never challenged Pulham's testimony regarding her employment status and income on cross-examination.
¶37 The import of Pulham's trial testimony is that, if the district court erred in finding that Pulham had a monthly income of $ 30, the error most likely benefited Kirsling. Given the evidence adduced at trial, it seems the most probable alternative outcome is that the *1226 district court would have found that Pulham had no income at all. And this likely would have resulted in a higher monthly child support obligation for Kirsling because the gap between his monthly income and Pulham's monthly income would have increased by $ 30.
¶38 In any event, Kirsling has not shown that his monthly child support obligation would have decreased if Pulham's income was decreased from $ 30 to $ 0. Indeed, Kirsling's briefing is completely devoid of any explanation of how he was harmed by the district court's alleged error. Instead, Kirsling's briefing simply states his belief that it was somehow improper for the court of appeals to find that any error did not merit reversal. In failing to proffer any real explanation for his belief that the court of appeals wrongly decided this issue, Kirsling has not demonstrated "that there is a reasonable likelihood that ... there would have been a result more favorable to" him if the district court had not found Pulham to have a monthly income of $ 30. Childs , 972 P.2d at 431.
¶39 Accordingly, we hold that, even if it was error for the district court to find that the parties stipulated to a monthly income of $ 30 for Pulham, any such error was harmless and Kirsling is not entitled to a new trial on this issue.
B. Kirsling Has Not Carried His Burden of Persuasion Regarding Imputation
¶40 In calculating child support obligations, the district court did not impute any income to Pulham pursuant to Utah Code section 78B-12-203.[12] On appeal, Kirsling argues that it was error for the district court to not impute income to Pulham and that he is entitled to a new trial under rule 59(a)(7).[13] The court of appeals held that it could not conclude the district court committed legal error in not imputing income to Pulham and affirmed the district court's child support order. Pulham , 2018 UT App 65, ¶¶ 41-42, 427 P.3d 261. We affirm.
¶41 In a contested case such as this one, Utah Code section 78B-12-203(8)(a) provides that "[i]ncome may not be imputed to a parent unless ... in contested cases, a hearing is held and the judge ... enters findings of fact as to the evidentiary basis for the imputation." Imputation of income in contested cases, then, is discretionary and requires a hearing to be held to establish an evidentiary basis for the imputation. See , e.g. , Fish v. Fish , 2010 UT App 292, ¶ 24, 242 P.3d 787 ("Ultimately, it is within the trial court's discretion whether to impute income to [a party.]") Additionally, Utah Code section 78B-12-203(8)(b) provides that "[i]f income is imputed to a parent, the income shall be based upon employment potential and probable earnings." This means that, if the district court were to take the discretionary step of imputing income, the imputation would have to be based upon evidence related to employment potential and probable earnings. Finally, Utah Code section 78B-12-203(8)(d)(i) provides that income may not be imputed if "the reasonable costs of child care for the parents' minor children approach or equal the amount of income the custodial parent can earn" and this condition "is not of a temporary nature."
¶42 In his motion for a new trial, and on appeal, Kirsling claims that he is entitled to a new trial on this issue because the Amended Decree does not explain why Pulham's income was not calculated pursuant to section 203. But this argument misses the point. Imputation of income is not a mandatory exercise that every district court must undertake in determining child support obligations. Quite the opposite. Section 203 makes clear that imputation is optional, and even places restrictions on when imputation can take place. See , e.g. , UTAH CODE § 78B-12-203(8)(a) ("Income may not be imputed to a parent unless ... in contested cases, a hearing is held and the judge ... enters *1227 findings of fact as to the evidentiary basis for the imputation." (emphases added)). In this case, Kirsling never requested imputation and so no evidentiary hearing was held. Indeed, it would have been error for the court to impute income to Pulham pursuant to section 203 in the absence of an evidentiary hearing.
¶43 In addition to the fact that it would have been error for the court to impute income to Pulham in the absence of an evidentiary hearing, the lack of an evidentiary hearing left a substantial void in the record. As the court of appeals pointed out, the record is almost entirely devoid of the requisite evidence regarding Pulham's "employment potential and probable earnings." Id. § 78B-12-203(8)(b). And the little relevant evidence in the record-such as Pulham's testimony to the effect that she was "barely making anything" once child care expenses were subtracted from her income-suggests that any imputation may have been entirely foreclosed by the statute. Id. § 78B-12-203(8)(d)(i) (providing that income may not be imputed if "the reasonable costs of child care for the parents' minor children approach or equal the amount of income the custodial parent can earn"). Kirsling's briefing does not explain how the district court would have been able to impute income to Pulham given the lack of the statutorily mandated evidentiary hearing and the commensurate lack of relevant evidence in the record.
¶44 Because Kirsling fails to explain why imputation would have been both proper and necessary in this case, he has failed to persuade us that the district court committed legal error in not imputing income to Pulham. Accordingly, we affirm the court of appeals.
III. THE COURT OF APPEALS CORRECTLY REJECTED KIRSLING'S ARGUMENTS REGARDING HIS PETITION TO MODIFY
¶45 In his Second Appeal, Kirsling seeks a modification of the Amended Decree with respect to parent-time.[14] Kirsling argues that the district court used the incorrect standard in evaluating his petition to modify the Amended Decree. The court of appeals held that Kirsling's argument failed for lack of preservation. We affirm.
¶46 The crux of Kirsling's argument is that the district court applied the "substantial and material change in circumstances" standard to his petition to modify parent-time when it should have applied a less stringent standard.
¶47 As the court of appeals noted, the "substantial and material change in circumstances" standard generally applies in cases involving modification of a custody order while a less stringent standard generally applies in cases involving modification of a parent-time order. Pulham v. Kirsling , 2018 UT App 65, ¶ 50, 427 P.3d 261 (citing Doyle v. Doyle , 2011 UT 42, ¶¶ 24-25, 258 P.3d 553 ; Jones v. Jones , 2016 UT App 94, ¶ 10, 374 P.3d 45 ).
¶48 The district court's order does not explicitly state that it was applying the "substantial and material change in circumstances" standard, but it does contain some ambiguous language that could suggest a heightened standard was applied. For example, the order states that "the 'change of circumstances' threshold is high" and that Kirsling's move to Stansbury Park "is wholly insufficient to create a sufficient change in circumstances to warrant reconsideration" of the Amended Decree.
¶49 But any discussion of what standard the district court applied and whether it was the correct standard would be purely academic. In his briefing before the district court, Kirsling never identifies the standard under which his petition to modify should be reviewed.[15] Kirsling's argument regarding *1228 the appropriate standard is therefore unpreserved. Hill v. Superior Prop. Mgmt. Servs., Inc. , 2013 UT 60, ¶ 46, 321 P.3d 1054 ("Preservation requires affording the district court a meaningful opportunity to rule on the ground that is advanced on appeal ...."). And Kirsling does not argue plain error or exceptional circumstances on appeal. Accordingly, Kirsling has waived this issue. See Baumann v. Kroger Co. , 2017 UT 80, ¶ 18, 416 P.3d 512 ("At minimum, Ms. Baumann did not preserve her argument that the district court erred in applying rule 26's sanctions instead of the more forgiving standard set forth in rule 16. And, on appeal, she does not argue that the plain error doctrine or exceptional circumstances warrant our reaching this unpreserved issue. Therefore, even if the invited error doctrine does not apply, Ms. Baumann has waived this issue." (citations omitted)).
¶50 We thus decline to review Kirsling's argument that the district court applied the incorrect standard in reviewing his petition to modify the Amended Decree and affirm the court of appeals.
CONCLUSION
¶51 Kirsling's notice of appeal limited the scope of appellate jurisdiction and the court of appeals was correct in addressing only the three issues identified in the notice of appeal. The court of appeals was also correct in its disposition of those issues, upholding the district court's orders regarding child support and parent-time. Affirmed.

Although oral argument was originally scheduled in this case, we ultimately "determine[d] that it w[ould] not aid the decisional process," Utah R. App. P. 29(a)(1), and therefore we exercise our right pursuant to rule 29 to issue this opinion without having heard oral argument.

The district court noted that Taylorsville and Tooele are at least thirty-eight miles apart and this would require that Child spend upwards of an hour each way commuting between the two cities for school.

We take this opportunity to note that parents should generally be applauded for creating a change of circumstance that benefits their children. But in the context of Kirsling's petition, it was relevant for the district court to determine whether the change of circumstance merited modification of the Amended Decree. While Kirsling should be commended for moving closer to Child, it was important for the district court to consider whether this move was a calculated short-term play made solely for the purpose of seeking a modification or whether this was a more permanent move that merited modification of the Amended Decree.

In reality, jurisdiction was even further limited to the issues of child support and child care expenses because Kirsling did not brief the issues of ORS fees or contempt before the court of appeals.

The Amended Decree states that the $ 30 figure is from a stipulation between the parties, but on appeal neither party is able to identify where the district court got this figure.

In fact, the court of appeals noted that Kirsling "practically invited the court to apply the heightened standard" because his briefing was premised on a "significant change in circumstances" and referred to his move to a new community as an example of a "material and substantial change" of circumstance.

As discussed above, see supra ¶¶ 4-7, the Amended Decree and Kirsling's motion for new trial both encompassed a number of issues beyond child support, ORS fees, and contempt.

We have, at times, liberally construed notices of appeal in favor of appellants. For example, in Kilpatrick v. Bullough Abatement, Inc. , we stated that "[i]n determining whether the notification requirement [of rule 3(d) ] has been met, we have 'long adhered to the policy that where the notice of appeal sufficiently identifies the final judgment at issue and the opposing party is not prejudiced, the notice of appeal is to be liberally construed.' " 2008 UT 82, ¶ 14, 199 P.3d 957 (citation omitted). The kind of liberal construction alluded to in Kilpatrick is inapplicable to this case for at least two reasons. First, as we noted in State v. Hernandez , 2018 UT 41, ¶ 14, 428 P.3d 1023, our decision in In re Adoption of B.B. , 2017 UT 59, 417 P.3d 1, arguably eliminated such a construction in cases in which we might treat an appeal of one order as an appeal of another order under the reasoning of Kilpatrick . And second, even if we were to determine that In re Adoption of B.B. did not affect our ruling in Kilpatrick -a decision we need not make now because it is not squarely before us-the exception would not apply here because Kirsling's notice of appeal clearly identifies three specific parts of the judgment below from which he appeals. This stands in stark contrast to the facts of Kilpatrick , in which the notice of appeal failed to explicitly reference an order but we nonetheless determined that the notice of appeal sufficiently demonstrated the intent to appeal the unreferenced order. 2008 UT 82, ¶ 16, 199 P.3d 957. In this case, the reference to the three specific parts of the Amended Decree could hardly be more explicit.

The expressio unius principle refers to the maxim "expressio unius est exclusio alterius," which is "[a] canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative." Expressio unius est exclusio alterius , Black's Law Dictionary (10th ed. 2014).

Kirsling alternatively argues that the district court's finding that Pulham had a monthly income of $ 30 was not based on a stipulation but rather was the result of improper imputation by the district court. Kirsling argues that this alleged imputation was improper because no hearing was held on the issue of imputation pursuant to Utah Code section 78B-12-203(8)(a). This argument is unpersuasive. The Amended Decree clearly states that the district court based this figure on a stipulation. The fact that neither party can identify this supposed stipulation on appeal does not lead to the conclusion that the district court's finding regarding Pulham's monthly income was born of imputation.

Because we conclude that any error would have been harmless, we need not determine whether the district court did in fact commit error.

This section of the code was amended in 2017. Because the portions of the current version of section 203 relevant to this opinion are substantively identical to the portions of section 203 that were in effect when the district court ruled on Kirsling's child support obligations, we cite to the current version.

Utah Rule of Civil Procedure 59(a)(7) provides that a new trial may be granted if "the verdict or decision is contrary to law or based on an error in law."

The parties disagree about whether Kirsling is seeking a modification of parent-time or a modification of custody. Because our ultimate conclusion does not hinge on this distinction, we choose not to address it and simply refer to Kirsling's request as a request to modify parent-time.

In fact, as the court of appeals noted, Kirsling arguably invited the district court to apply the "substantial change of material circumstances" standard. Kirsling's petition states that "[a] significant change of circumstances has occurred" and in a response to Pulham's motion to dismiss the petition, Kirsling cited a portion of the Utah Courts website that states "Examples of material and substantial changes after the controlling custody order may include that ... the parents have moved to new communities ...." But because we conclude that Kirsling did not preserve this issue, we need not determine whether Kirsling actually invited any error in the district court.