*This opinion is subject to revision before final*
*publication in the Pacific Reporter*

**2020 UT 33**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

RONALD E. GRIFFIN,
*Appellee,*

*v.*

SNOW CHRISTENSEN & MARTINEAU,
*Appellant.*

No. 20180813
Heard October 7, 2019
Filed June 10, 2020

On Appeal of Interlocutory Order

Third District, Salt Lake
The Honorable Richard E. Mrazik
No. 170900275

Attorneys:

Ronald E. Griffin, Huntington Beach, pro se

Rodney R. Parker, Adam M. Pace, Salt Lake City, for appellant

JUSTICE PETERSEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PEARCE, and JUDGE HARRIS joined.

Having recused himself, JUSTICE HIMONAS does not participate
herein. COURT OF APPEALS JUDGE RYAN M. HARRIS sat.

JUSTICE PETERSEN, opinion of the Court:

### INTRODUCTION

¶1  The question before us is whether a post-judgment motion that plaintiff Ronald E. Griffin filed in the district court was timely. The answer centers on whether the district court's order of dismissal constituted a separate judgment under Utah Rule of Civil Procedure 58A(a), and therefore marked the entry of judgment when it was signed and recorded in the docket. *See* UTAH R. CIV. P. 58A(e)(2)(A). The district court ruled that the

order did not meet the requirements of a separate judgment. Consequently, the court concluded the judgment was not complete and entered until 150 days after the clerk recorded the order of dismissal, *see id.* 58A(e)(2)(B), and the post-judgment motion was therefore timely. The district court was correct. We affirm.

## BACKGROUND

¶2    This appeal stems from a legal malpractice claim brought by Ron Griffin against Snow Christensen & Martineau (SCM). Griffin requested multiple extensions of time to serve his complaint on SCM, and he eventually filed an amended complaint on August 28, 2017—the deadline the district court imposed in response to one of Griffin's extension requests. That same day, a process server left the complaint and summons with an administrator at SCM's office.

¶3    SCM moved to quash service and dismiss Griffin's complaint, arguing that Griffin failed to properly and timely serve his complaint. After a hearing, the district court granted the motion orally on the record and signed the minutes. The district court ordered SCM's counsel to submit a proposed order confirming the decision. Counsel did so, and on April 10, 2018 the district court signed the proposed "Order of Dismissal with Prejudice" (April 10 Order).

¶4    On May 9, 2018, Griffin filed a post-judgment motion requesting various forms of relief under rules 52(b), 59(a)(7), and 59(e).[1] The deadline for such a motion is "no later than 28 days after entry of judgment." UTAH R. CIV. P. 52(b); *see also id.* 59(b). SCM opposed Griffin's motion, in part, by arguing that the district court lacked jurisdiction because the motion was filed more than twenty-eight days after the April 10 Order and was therefore untimely. SCM further argued that if the district court were to reach the merits of Griffin's motion, it should deny him relief.

¶5    The district court granted Griffin's motion and vacated the April 10 Order. The court rejected SCM's argument that the motion was untimely. It concluded that the April 10 Order was not a separate judgment under rule 58A(a), and therefore it did not start the time to file post-judgment motions. *Id.* 58A(a),

---

[1] Griffin also asked for relief under rule 60(b), but later conceded it was not applicable.

58A(e)(2). The court then ruled in Griffin's favor on the merits. SCM petitioned for interlocutory appeal, which we granted.

¶6   We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(j).

## STANDARD OF REVIEW

¶7   "We review a district court's interpretation of our rules of civil procedure . . . for correctness." *Keystone Ins. Agency, LLC v. Inside Ins., LLC*, 2019 UT 20, ¶ 12, 445 P.3d 434.

## ANALYSIS

¶8   SCM argues that the district court erred in ruling the April 10 Order did not qualify as a separate judgment under rule 58A(a). We disagree. The district court got it right.

¶9   In *Central Utah Water Conservancy District v. King* this court encountered—not for the first time—confusion regarding precisely when the district court's decision became final, which at that time triggered the appeal (and post-judgment motion) period. 2013 UT 13, ¶ 9, 297 P.3d 619; *see, e.g.*, *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 23–38, 201 P.3d 966; *Code v. Utah Dep't of Health*, 2007 UT 43, ¶ 6 n.1, 162 P.3d 1097. At the time of our decision in *Central Utah*, rule 7(f)(2) governed the question. It provided that "[u]nless the [district] court approves the proposed order submitted with an initial memorandum, or unless otherwise directed by the court, the prevailing party shall, within fifteen days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision." *Central Utah*, 2013 UT 13, ¶ 9 (quoting UTAH R. CIV. P. 7(f)(2) (2013) (alterations in original)). That rule was designed to "prevent[] the confusion that often leads . . . to additional litigation when parties are left to divine when a court's decision has triggered the appeal period." *Giusti*, 2009 UT 2, ¶ 36.

¶10  In *Central Utah*, we noted that our rules did not ensure judicial efficiency and finality in all circumstances. 2013 UT 13, ¶ 26. We observed that "when the prevailing party neglects its obligations under the rule, 'the appeal rights of the nonprevailing party *will extend indefinitely*.'" *Id.* (quoting *Code*, 2007 UT 43, ¶ 6 n.1). This potential for an indefinite extension of the nonprevailing party's appeal rights led us to request that our advisory committee review rule 7(f)(2) and address the possibility of "endlessly hanging appeals." *Id.* ¶¶ 26–27. We referenced as examples federal procedural rules that addressed this issue. *Id.*

¶ 27 (referencing federal rule of appellate procedure 4(a)(7) and federal rule of civil procedure 58(c)).

¶11 The result was the 2015 amendments to Utah Rule of Civil Procedure 58A. Rule 58A(a) now states, "Every judgment and amended judgment must be set out in a separate document ordinarily titled 'Judgment'—or, as appropriate, 'Decree.'" The rule does not require a separate document for orders disposing of post-judgment motions.[2] UTAH R. CIV. P. 58A(b).

¶12 Importantly, the rule makes explicit the time of "[*e*]*ntry of judgment.*" *Id.* 58A(e) (emphasis added). It states:

> (e)(2) If a separate document is required, a judgment is complete and is entered at the earlier of these events:
>
> > (e)(2)(A) the judgment is set out in a separate document signed by the judge and recorded in the docket; or
> >
> > (e)(2)(B) 150 days have run from the clerk recording the decision, however designated, that provides the basis for the entry of judgment.

*Id.* 58A(e)(2)(A)–(B).

¶13 The deadlines to file post-judgment motions and notices of appeal correspond to the language in this rule, i.e., they are triggered by the *entry of judgment*. For example, rule 52(b) states, "Upon motion of a party filed no later than 28 days *after entry of judgment* the court may amend its findings or make additional findings and may amend the judgment accordingly." (Emphasis added.) Similarly, rule 59(b) states, "A motion for a new trial must be filed no later than 28 days *after entry of the judgment*." (Emphasis added.) And notices of appeal must be filed "within 30 days *after the date of entry of the judgment* or order appealed from." UTAH R. APP. P. 4(a) (emphasis added).

¶14 These amendments resolved the "endlessly hanging appeals" problem we identified in *Central Utah*. *See* UTAH R. CIV. P. 58A(e)(2)(b). And the amendments went further, addressing the

---

[2] Of course, rule 58A(b) does not apply here, where we are addressing when judgment was entered upon an order to dismiss the complaint with prejudice.

primary issue before us in that case: confusion as to what event starts the time to file post-judgment motions and notices of appeal at the end of a case. The new rule established a bright-line answer to this question. The time to file post-judgment motions and notices of appeal begins upon the "entry of judgment," when the separate document required by rule 58A(a) is signed and docketed by the judge. *Id.* 58A(a), (e)(2)(a); *see also id.* 52(b); *id.* 59(b); UTAH R. APP. P. 4(a).

¶15  This is a departure from Utah's procedural practice at the time of *Central Utah*. Under former rule 7(f)(2), the time to appeal or file post-judgment motions began to run when the decision on a dispositive motion—a decision that adjudicated all claims involving all parties—became final. *See* UTAH R. CIV. P. 7(f)(2) (2013). But this practice generated questions as to when a particular decision was final. *See Central Utah*, 2013 UT 13, ¶ 26; *Giusti*, 2009 UT 2, ¶¶ 23–38; *Code*, 2007 UT 43, ¶ 6 n.1. And it presumed that all parties knew that a particular decision adjudicated all claims involving all parties. While this is generally a safe assumption, it may not always be clear, especially in cases involving numerous claims for relief, numerous parties, or both.

¶16  After the 2015 amendments, rule 7 still governs when a decision on a particular motion is final. *See* UTAH R. CIV. P. 7(j)(1). However, it no longer governs when the time to file a notice of appeal or post-judgment motion begins to run at the end of a case.

¶17  That is now regulated by rule 58A(a) and (e), working in concert with 54(a). As explained in rule 54(a), a judgment must "adjudicate[] all claims and the rights and liabilities of all parties."[3] Additionally, except for orders on post-judgment motions, it must be set out in a *separate document* that is prepared by the prevailing party and signed and docketed by the court. *Id.* 58A(a), (e)(2)(a). When properly implemented, the separate judgment signals clearly that the case is over and the appeal and

_____

[3] If all claims regarding all parties have not been adjudicated, an appeal may be taken only if a statutory exception applies, *see, e.g.*, UTAH CODE § 78B-11-129(1); a party successfully petitions for an interlocutory appeal, *see* UTAH R. APP. P. 5(a); or a district court makes the proper designations, *see* UTAH R. CIV. P. 54(b). *See generally Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶¶ 13–15, 428 P.3d 1133 (discussing the three exceptions to the final judgment rule).

post-judgment motion clock has started to run. But when the prevailing party fails to prepare a separate judgment, rule 58A(e)(2)(b) creates a backstop by establishing that the "entry of judgment" occurs once "150 days have run from the clerk recording the decision, however designated, that provides the basis for the entry of judgment."

¶18 Unlike former rule 7(f)(2), which operated at the decision level, rule 58A(a) operates at the case level, establishing a self-contained, distinct judgment that is separate from the court decision or jury verdict giving rise to the judgment. Its functions are to: (1) clearly signal that all claims involving all parties have been adjudicated, (2) document the resolution of each claim and the resulting rights and liabilities of all parties, and (3) start the post-judgment motion and appeals clock as soon as the court signs and dockets it.

¶19 The current rule 58A is modeled on the corresponding federal rule of civil procedure.[4] The purpose of the federal rule, as amended in 1963, is to clearly mark when the time to file post-judgment motions and notices of appeal begins. "According to the Advisory Committee that drafted the 1963 amendment:"

> Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e. g., "the plaintiff's motion [for summary judgment] is granted[.]" Clerks on occasion have viewed these opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket as provided by Rule 79(a). However, where the opinion or memorandum has not contained all the elements of a judgment, or

---

[4] Rule 58 of the Federal Rules of Civil Procedure provides that "[e]very judgment and amended judgment must be set out in a separate document," with few exceptions. FED. R. CIV. P. 58(a). And it provides the same time frame for entry of judgment as our rule. *See id.* 58(c)(2) (providing that judgment is entered "if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs . . . it is set out in a separate document; or . . . 150 days have run from the entry in the civil docket").

> where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of a judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal. . . .
>
> The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—*distinct from any opinion or memorandum*—which provides the basis for the entry of judgment.

*Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384–85 (1978) (first and third alterations in original) (emphasis added) (citations omitted).

¶20 The question before us is whether the April 10 Order satisfied Utah rule 58A(a). In analyzing this question, the district court reasoned that the April 10 Order was a "judgment" under rule 54(a) (defining a judgment as a "decree or order that adjudicates all claims and the rights and liabilities of all parties or any other order from which an appeal of right lies"). And the court found that the April 10 Order was a "separate" document because it was separate from the court's oral ruling. However, the court then looked to federal case law interpreting federal rule 58 and determined the content of the April 10 Order took it out of the realm of rule 58A(a). The district court considered *In re Cendant Corp.*, in which the Third Circuit explained what a separate judgment should look like: (1) "the order must be self-contained and separate from the opinion;" (2) "the order must note the relief granted;" and (3) "the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." 454 F.3d 235, 241 (3d Cir. 2006). The court determined that the order, which included procedural history, facts, and the district court's reasoning, fell wide of the mark. SCM criticizes the district court's reliance on *In re Cendant Corp.*, asserting that it imposes additional requirements beyond the plain language of rule 58A(a).

¶21 When interpreting our rules, federal precedent is not binding, but it can be persuasive and helpful. In general, "[b]ecause the Utah Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, where there is little Utah law interpreting a specific rule, we may [also] look to the Federal Rules of Civil Procedure for guidance." *Drew v. Lee*, 2011 UT 15, ¶ 16, 250 P.3d 48 (second alteration in original) (citation omitted). This is certainly the case here, where rule 58A mirrors its federal

counterpart. For good reason, the applicable advisory committee notes refer courts and practitioners to federal case law to assist them in understanding the 2015 amendments to the rule. *See* UTAH R. CIV. P. 58A advisory committee notes ("On the question of what constitutes a separate document, the [advisory committee] refers courts and practitioners to existing case law interpreting Fed. R. Civ. P. 58."). We do not view the "criteria" listed in *In re Cendant Corp.* to be additional requirements tagged onto our rule. Rather, that case provides a helpful description of what a proper separate judgment should look like.

¶22 With this in mind, we turn to the question before us and conclude the April 10 Order does not satisfy rule 58A(a). First, the rule states that every judgment should ordinarily be titled "'Judgment'—or, as appropriate, 'Decree.'" UTAH R. CIV. P. 58A(a). This makes sense. Like the federal rules, the goal of Utah rule 58A(a) "is to impose a clear line of demarcation between a judgment and an opinion or memorandum." *In re Cendant Corp.*, 454 F.3d at 243. To distinguish a judgment from an order or ruling, it should be identified accordingly.

¶23 The April 10 Order was not titled "Judgment," but was instead named "Order of Dismissal with Prejudice." This is not a mere technical deviation—the title correctly described the substance of the document. SCM drafted a proposed order confirming the court's oral ruling under rule 7(j)(2), just as the court directed. The court ultimately signed and docketed the order on April 10. So as the title accurately described, this document was the order confirming the court's particular ruling, not a separate judgment documenting the resolution of all claims in the district court.

¶24 Further, rule 58A requires that the judgment be set out in a "separate document." UTAH R. CIV. P. 58A(a), (e)(2); *see also In re Cendant Corp.*, 454 F.3d at 241 (providing that "the order must be self-contained and separate from the opinion"). Separate means "individual; distinct; particular; disconnected." *Separate*, BLACK'S LAW DICTIONARY (11th ed. 2019). A separate judgment, by definition, must be self-contained and independent from any other document in the case, including the decision that gave rise to it.

¶25 SCM adopts the district court's reasoning here and argues that the April 10 Order is a judgment under rule 54(a), and it is a "separate" document because it was separate from the court's oral ruling. While we agree with the district court's ultimate decision,

we depart from this particular analysis. The April 10 Order does "adjudicate[] all claims and the rights and liabilities of all parties." UTAH R. CIV. P. 54(a). But that rule must be read in conjunction with rule 58A(a). To constitute the entry of judgment, rule 58A(a) requires that the judgment be set forth in a separate document, which is signed and docketed by the court.[5] *Id.* 58A(e)(2)(A).

¶26  And while the April 10 Order is indeed separate from the court's oral ruling and accompanying minute entry, that is beside the point. The judgment must be separate from the court decision or the jury verdict giving rise to the judgment. *See In re Cendant Corp.*, 454 F.3d at 243 ("The goal of Rule 58(a) is to impose a clear line of demarcation between a judgment and an opinion or memorandum.") We agree with our advisory committee's explicit statement on this issue:

> Under amended Rule 7(j), a written decision, however designated, is complete—is the judge's last word on the motion—when it is signed, unless the court expressly requests a party to prepare an order confirming the decision. But this should not be confused with the need to prepare a separate judgment when the decision has the effect of disposing of all cla[i]ms in the case. If a decision disposes of all claims in the action, a separate judgment is required whether or not the court directs a party to prepare an order confirming the decision.

UTAH R. CIV. P. 58A advisory committee notes.[6]

---

[5] And if that does not happen, the entry of judgment does not take place until "150 days have run from the clerk recording the decision, however designated, that provides the basis for the entry of judgment." UTAH R. CIV. P. 58A(e)(2)(B). Here, that would be 150 days from the April 10 Order.

[6] At oral argument, SCM suggested that rule 58A does not require a separate document because that is not what is done in practice. Counsel stated, "Since rule 58A was adopted . . . I have never seen a case where an order in a simple dismissal like this where an order and a judgment were entered as separate documents." Oral Argument, *Griffin v. Snow Christensen & Martineau* (October 7, 2019) https://youtu.be/jryV01sYsjs. We do

(continued . . .)

¶27 Most importantly, the April 10 Order serves a different function than a 58A(a) judgment. As explained above, a separate 58A(a) judgment does not operate at the decision level. Rather, it operates at the case level to signal that all claims involving all parties have been resolved, to document the resolution of each claim and the rights and liabilities of all parties, and to start the clock for notices of appeal and post-judgment motions when it is signed and docketed. *See In re Cendant Corp.*, 454 F.3d at 241 (establishing that "the order must note the relief granted" and "the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims").

¶28 The April 10 Order does not do this. This is the substantive basis of the district court's conclusion that the content of the order took it out of the realm of a 58A(a) judgment. The purpose of the April 10 Order was to document the court's oral decision on the motion to dismiss. As such, it contains procedural history, legal reasoning, and factual content. The April 10 Order is not separate from the court's decision on the relevant motion, clearly identified as a judgment, and limited to only that information relevant to a judgment. Simply put, it is not a separate 58A(a) judgment. Accordingly, it does not mark the entry of judgment in this case as contemplated by rule 58A(e)(2)(A). And it did not trigger the time period to file Griffin's post-judgment motion.

## II. WAIVER

¶29 SCM argues that Griffin waived the right to challenge the separate document requirement "because he expressly acknowledged the order as a proposed judgment that was prepared in accordance with Rule 58A(c) in his pleadings before the district court." We disagree that the circumstances here constitute a waiver.

¶30 In general, when the issue at hand is whether a post-judgment motion or notice of appeal is timely, the separate-document rule must be "mechanically applied." *United States v. Indrelunas*, 411 U.S. 216, 221–22 (1973). But SCM looks to

---

not know whether counsel's experience is indicative of the prevailing practice throughout Utah. But assuming it is, counsel's observation persuades us of the need to clarify that this practice does not satisfy rule 58A(a).

*Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978), for an exception to this rule. In *Bankers Trust*, the United States Supreme Court noted that, although neither party had raised the issue, a search of the docket did not reveal "any document that looks like a judgment." *Id.* at 382 (citation omitted). The Court considered *sua sponte* whether the lack of a separate judgment deprived it of appellate jurisdiction. *Id.* Notably, there was no issue as to the timeliness of the appeal, and neither party had protested the lack of a separate judgment. *Id.* at 387–88. The Court clarified that this deficiency was not jurisdictional and considered the parties to have waived the issue.[7] *Id.* at 387–88.

¶31 But this holding does not govern the question here. The very issue before us is timeliness. And the Court made clear that *when determining the timeliness* of an appeal—or, in this case, a post-judgment motion—"[t]echnical application of the separate-judgment requirement is necessary . . . ." *Bankers Trust Co.*, 435 U.S. at 386. The "sole purpose of the separate-document requirement . . . [is] to clarify when the time for appeal . . . begins to run." *Id.* at 384. This applies equally to post-judgment motions. Accordingly, in this context, we must mechanically apply the separate-judgment requirement "to avoid the uncertainties that once plagued the determination of when an appeal [or post-judgment motion] must be brought." *Id.* at 386.

¶32 Any mistake Griffin may have made in thinking that the April 10 Order was a proper 58A(a) judgment does not amount to a waiver of the issue. Rather, when the issue is whether post-judgment motions are timely, rule 58A(a) and (e)(2) must be applied mechanically to arrive at the correct answer.

## CONCLUSION

¶33 The district court correctly concluded that the April 10 Order was not a separate judgment pursuant to Utah Rule of Civil Procedure 58A(a). Accordingly, the April 10 Order did not

---

[7] The Court also disavowed any language in *United States v. Indrelunas*, 411 U.S. 216 (1973), suggesting that compliance with the separate-document requirement was necessary before a district court decision could be considered "final" under United States Code title 28, section 1291 (conferring appellate jurisdiction from all *final* decisions of federal district courts). *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 n.7 (1978).

constitute an "entry of judgment" that started the time to file post-judgment motions. And Griffin's post-judgment motion was timely. We affirm.

———————