2022 UT App 43

# THE UTAH COURT OF APPEALS

IN THE MATTER OF
THE ADOPTION OF E.M.F. AND M.S.F.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

S.S. AND B.S.,
Appellants,
*v.*
J.F.,
Appellee.

Opinion
No. 20200490-CA
Filed March 31, 2022

Second District Court, Ogden Department
The Honorable Joseph M. Bean
No. 182900024

Jason B. Richards, Attorney for Appellants

Emily Adams and Sara Pfrommer, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN FORSTER and RYAN D. TENNEY
concurred.

POHLMAN, Judge:

¶1    In this stepparent adoption case, B.S. (Mother) and S.S. (Stepfather) appeal the district court's order denying their petition to terminate the parental rights of J.F. (Father), with whom Mother shares two children, E.M.F. and M.S.F. (collectively, the Children). We do not reach the merits of the case, however, because we dismiss this appeal for lack of jurisdiction. Although Mother and Stepfather contend that the court rule dictating this result is unconstitutional on its face and

as applied, we conclude that Mother and Stepfather have not demonstrated that exceptional circumstances exist for us to consider their constitutional argument.

BACKGROUND

¶2      Mother and Father were involved in a relationship between 2009 and 2014, during which time the Children were born. Mother has always had full physical custody of the Children since her separation from Father. Later, Mother married Stepfather. Mother and Stepfather then petitioned for Stepfather to adopt the Children and to terminate Father's parental rights.

¶3      The matter proceeded to a two-day bench trial in December 2018. After hearing the evidence, the district court concluded that Mother and Stepfather had "not met their burden by clear and convincing evidence of any of the statutory requirements for terminating [Father's] rights," and the court accordingly denied the petition for adoption. The court announced its findings of fact and conclusions of law in court, explaining, "That will be the order of the Court." It further announced that it did not "inten[d] to do written findings of fact and conclusions of law" but that "[c]ertainly anybody who would like to can do it themselves and submit it to the Court for approval."[1] Similarly, the court's December 11, 2018 minute entry from trial states, "The court does not intend on issuing written findings of facts and conclusions of law, either party

---

1. Mother and Stepfather filed proposed findings of fact and conclusions of law on the second day of trial, prior to the court announcing its decision. Their filing did not reflect the district court's announced decision, and the court did not sign that document.

may submit their own consistent with the court's ruling for approval if they wish." That minute entry was signed electronically and designated as an order of the court on December 13, 2018.

¶4 Neither side chose to submit findings and conclusions consistent with the court's decision,[2] and neither side submitted a proposed judgment pursuant to rule 58A(c)(1) of the Utah Rules of Civil Procedure. Aside from the court's exhibit tracking record filed a few days after trial, nothing more was filed in the case until Father, acting pro se, moved to release the trial transcripts on March 11, 2019. In his motion, Father asserted that the "records and transcripts [were] required for [him] to prepare findings of fact and conclusions of law requested by [the district court judge]." One month later, the court entered a certificate of destruction, stating that the court clerk had destroyed the exhibits on April 4, 2019.

¶5 Nothing else was entered on the court's docket until December 2019, when Mother and Stepfather's attorneys withdrew, and then Mother and Stepfather, acting pro se, filed an objection to a proposed findings of fact, conclusions of law,

---

2. Rule 52(a)(1) of the Utah Rules of Civil Procedure provides, "In all actions tried upon the facts without a jury or with an advisory jury, the court must find the facts specially and state separately its conclusions of law. The findings and conclusions must be made part of the record and may be stated in writing or orally following the close of the evidence. Judgment must be entered separately under Rule 58A." And rule 54(a) specifies that "'Judgment' as used in these rules includes a decree or order that adjudicates all claims and the rights and liabilities of all parties or any other order from which an appeal of right lies." Utah R. Civ. P. 54(a).

and order prepared by Father.[3] Among other objections, Mother and Stepfather complained that Father "failed to properly provide a copy of the proposed order to [them] before filing the document with the Court." The court held a telephone conference the next month during which it indicated that the proposed findings "will be held due to the pending objection." At a later hearing, the court decided to "sustain[]" Mother and Stepfather's objection and ordered Father to submit amended findings with two specific revisions.

¶6　　As ordered, Father then filed a proposed amended findings of fact, conclusions of law, and order. Finally, on June 9, 2020, the district court signed the amended findings of fact, conclusions of law, and order. The court reiterated its conclusion—rendered 546 days earlier—that, as a matter of law, Mother and Stepfather had "not met their burden to show by clear and convincing evidence any of [the] statutorily required bases for terminating [Father's] parental rights," and the court thus denied the petition for adoption. On June 22, 2020, Mother and Stepfather filed a notice of appeal.

## ISSUES AND STANDARDS OF REVIEW

¶7　　On appeal, Mother and Stepfather challenge the district court's denial of their adoption petition. But Father contends that this court lacks jurisdiction to consider the merits of the appeal, arguing that Mother and Stepfather did not timely file a notice of appeal in light of rule 58A of the Utah Rules of Civil Procedure. In response, Mother and Stepfather insist that they timely

---

3. This proposed document is not in the record. Mother and Stepfather assert that Father submitted this proposed order to the court on or about December 16, 2019—more than a year after the court announced its ruling from the bench.

appealed under their view of the relevant timeline and rule 58A. "Whether appellate jurisdiction exists is a question of law." *Greyhound Lines, Inc. v. Utah Transit Auth.*, 2020 UT App 144, ¶ 22, 477 P.3d 472 (cleaned up). Likewise, the interpretation of a rule of civil procedure is a question of law. *See Ghidotti v. Waldron*, 2019 UT App 67, ¶ 8, 442 P.3d 1237.

¶8    In the event that this court agrees with Father on the correct operation of rule 58A, Mother and Stepfather assert that the rule is unconstitutional on its face and as applied to the facts of this case. Constitutional challenges present "questions of law." *Menzies v. State*, 2014 UT 40, ¶ 27, 344 P.3d 581, *abrogated on other grounds by McCloud v. State*, 2021 UT 51, 496 P.3d 179. But when, as here, an issue was not preserved in the district court, "the party must argue that an exception to preservation applies." *State v. Johnson*, 2017 UT 76, ¶ 27, 416 P.3d 443.

ANALYSIS

¶9    We begin by addressing Father's contention that this court lacks appellate jurisdiction over this matter. We then address Mother and Stepfather's constitutional argument aimed at defeating Father's jurisdictional contention.

I. Appellate Jurisdiction

¶10    Father contends that this court does not have appellate jurisdiction to consider this appeal. According to Father, because a separate judgment was not filed after the district court announced its findings and order from the bench on December 11, 2018, the decision was considered final and appealable 150 days after that date under rule 58A(e)(2)(B) of the Utah Rules of Civil Procedure and any notice of appeal should have been filed within thirty days of May 10, 2019. Father asserts that the court's amended findings of fact, conclusions of law, and order—

entered on June 9, 2020—could not "restart the period for filing a notice of appeal" and that Mother and Stepfather's June 22, 2020 notice of appeal was therefore untimely. In contrast, Mother and Stepfather contend that the June 9, 2020 order constituted the required separate judgment and that they timely filed their notice of appeal from that order.[4] We agree with Father.

¶11    This case turns on the application of rule 58A of the Utah Rules of Civil Procedure to determine when the time to appeal began to run. Rule 58A(a) provides that "[e]very judgment and amended judgment must be set out in a separate document ordinarily titled 'Judgment'—or, as appropriate, 'Decree.'" Utah R. Civ. P. 58A(a). Of particular import here, rule 58A(e) states,

> (e) Time of entry of judgment.
>
> (e)(1) If a separate document is not required, a judgment is complete and is entered when it is signed by the judge and recorded in the docket.
>
> (e)(2) If a separate document is required, a judgment is complete and is entered at the earlier of these events:

---

4. Mother and Stepfather assert that Father's "failure to oppose the entry of the [June 2020] order should be deemed a waiver" of Father's challenge to appellate jurisdiction. But "because subject matter jurisdiction goes to the heart of a court's authority to hear a case, it is not subject to waiver and may be raised at any time, even if first raised on appeal." *In re adoption of Baby E.Z.*, 2011 UT 38, ¶ 25, 266 P.3d 702 (cleaned up); *see also Widdison v. State*, 2021 UT 12, ¶ 100 n.26, 489 P.3d 158 (Lee, J., concurring in judgment) ("Jurisdiction is not an argument that can be waived or ignored by the parties."). We therefore reject this argument.

(e)(2)(A) the judgment is set out in a separate document signed by the judge and recorded in the docket; or

(e)(2)(B) 150 days have run from the clerk recording the decision, however designated, that provides the basis for the entry of judgment.

*Id.* R. 58A(e). This provision "makes explicit the time of entry of judgment" and resolves the problem of "endlessly hanging appeals." *Griffin v. Snow Christensen & Martineau*, 2020 UT 33, ¶¶ 12, 14, 467 P.3d 833 (cleaned up).

¶12　The parties agree that "a separate document" was required in this case, so they therefore agree that rule 58A(e)(1) does not apply here. *See* Utah R. Civ. P. 58A(a); *see also Griffin*, 2020 UT 33, ¶ 17 (stating that a judgment "must be set out in a *separate document* that is prepared by the prevailing party and signed and docketed by the court"). Accordingly, this case falls under rule 58A(e)(2).

¶13　Rule 58A(e)(2) sets forth two events, the earlier of which will trigger the time when a judgment becomes complete and entered. The first occurs when "the judgment is set out in a separate document signed by the judge and recorded in the docket." Utah R. Civ. P. 58A(e)(2)(A). In *Griffin*, the Utah Supreme Court explained that when rules 58A(a) and 58A(e)(2)(A) are "properly implemented, the separate judgment signals clearly that the case is over and the appeal and post-judgment motion clock has started to run."[5] 2020 UT 33, ¶ 17.

---

5. We recognize that because *Griffin v. Snow Christensen & Martineau*, 2020 UT 33, 467 P.3d 833, was not issued until June 10, 2020, the parties did not have the benefit of its analysis until

(continued…)

¶14 Alternatively, "when the prevailing party fails to prepare a separate judgment, rule 58A(e)(2)(b) creates a backstop by establishing that the 'entry of judgment' occurs once '150 days have run from the clerk recording the decision, however designated, that provides the basis for the entry of judgment.'" *Id.* (quoting Utah R. Civ. P. 58A(e)(2)(B)); *see also id.* ¶ 25 n.5; Utah R. Civ. P. 58A advisory committee notes to 2015 amendments ("[I]f a separate document is required but is not prepared, judgment is deemed to have been entered 150 days from the date the decision—or the order confirming the decision—was entered on the docket."). Indeed, the current version of rule 58A(e)(2) was adopted in response to the supreme court's direction for the rule to "set a maximum time . . . for filing an appeal in cases where the district court's judgment has not otherwise been finalized." *Central Utah Water Conservancy Dist. v. King*, 2013 UT 13, ¶ 27, 297 P.3d 619; *see also* Utah R. Civ. P. 58A advisory committee notes to 2015 amendments (explaining that the current rule addressed "the 'hanging appeals' problem" that the supreme court identified in *King*); *Griffin*, 2020 UT 33, ¶¶ 9–11, 14.

¶15 Here, at the end of the bench trial, the district court ruled in favor of Father and announced its findings of fact and conclusions of law on the record on December 11, 2018. Neither side prepared a separate judgment, and thus rule 58A(e)(2)(A) did not apply. *See Griffin*, 2020 UT 33, ¶ 17. Nevertheless, the clerk "record[ed] the decision, however designated, that

_____

(…continued)

then. Nevertheless, the parties still should have been aware of the relevant court rules bearing on the events that would trigger the thirty-day period for filing an appeal. *Cf. Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 9, 13 P.3d 616 (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect" (cleaned up)).

provides the basis for the entry of judgment" when the clerk recorded the court's December 11, 2018 minute entry. *See* Utah R. Civ. P. 58A(e)(2)(B). The "backstop" of rule 58A(e)(2)(B) therefore kicked in to "establish[] that the 'entry of judgment' occur[red] once '150 days ha[d] run from the clerk recording the decision.'" *See Griffin*, 2020 UT 33, ¶ 17 (quoting Utah R. Civ. P. 58A(e)(2)(B)). We thus agree with Father that the court's judgment was complete and entered in May 2019—after 150 days had transpired since the clerk recorded the court's minute entry in December 2018. *See* Utah R. Civ. P. 58A(e)(2)(B).

¶16   Further, because a party's notice of appeal "shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from," Utah R. App. P. 4(a), and because Mother and Stepfather's June 22, 2020 notice of appeal was filed more than thirty days after May 2019, we conclude that their appeal was untimely,[6] *see Serrato v. Utah Transit Auth.*, 2000 UT App 299,

---

6. Father originally raised his jurisdictional argument in a motion for summary disposition, which a judge on this court denied on the ground that the June 2020 order was "the proper order used for determining appellate jurisdiction." Mother and Stepfather now assert that because this court already rejected Father's "exact same argument" when his motion for summary disposition was denied, the doctrine of claim preclusion bars Father from raising the issue again in his appellate brief. We disagree.

The doctrine of claim preclusion "bars a party from prosecuting *in a subsequent action* a claim that has been fully litigated previously." *Haskell v. Wakefield & Assocs. Inc.*, 2021 UT App 123, ¶ 13, 500 P.3d 950 (emphasis added) (cleaned up); *see also IHC Health Services, Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 26 n.20, 196 P.3d 588 (explaining that res judicata, of which claim preclusion is a branch, "is more appropriately used to

(continued…)

¶ 11, 13 P.3d 616 (indicating that deadlines for notices of appeal "must be adhered to in order to prevent cases from continually lingering and to ensure finality in the system"). "Where an appeal is not properly taken, this court lacks jurisdiction and we

---

(…continued)

describe the binding effect of a decision in a prior case on a second case"). Because Father is not seeking to prosecute a claim that was adjudicated in a prior action, the doctrine of claim preclusion does not apply. Instead, Father seeks reconsideration of the conclusion, rendered in this case, that this court has jurisdiction over this appeal. This panel has the discretion to entertain Father's request.

This court's previous order was signed by a single judge, and rule 23(e) of the Utah Rules of Appellate Procedure "allows a panel of this court to review the actions of the single judge." *Envirotech Corp. v. Callahan*, 872 P.2d 487, 501 n.12 (Utah Ct. App. 1994); *see also* Utah R. App. P. 23(e)(3) ("[T]he action of a single justice or judge may be reviewed by the court."). Further, while an appeal is pending, this court "remains free" to reconsider its decisions. *Cf. IHC Health Services*, 2008 UT 73, ¶¶ 26–27 (explaining that the law of the case doctrine generally "allows a court to decline to revisit issues within the same case once the court has ruled on them"). Under the law of the case doctrine, this court enjoys the discretion *not* to reconsider a prior ruling, *id.* ¶ 26, but the doctrine "does not prohibit a judge from catching a mistake and fixing it," *Gillmor v. Wright*, 850 P.2d 431, 439 (Utah 1993) (Orme, J., concurring).

Here, we exercise our discretion to reconsider the fundamental issue of appellate jurisdiction. *See State v. Brown*, 2021 UT 11, ¶ 10, 489 P.3d 152 ("Jurisdiction is the blood in our judicial system. Because of its vitalness, we have an independent obligation to ensure that we have it over all matters before us." (cleaned up)).

must dismiss." *Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649. Accordingly, we have no choice but to dismiss Mother and Stepfather's appeal without reaching its merits. *See id.*

## II. The Constitutionality of Rule 58A

¶17 Notwithstanding, Mother and Stepfather contend that if rule 58A operates to deprive this court of jurisdiction over their appeal, rule 58A is unconstitutional on its face and as applied to the facts of this case because the rule "fails to provide notice to parties when an order is final for the purposes of appeal." At the outset, Mother and Stepfather concede that they did not preserve this issue and that they are thus raising it for the first time on appeal. Given this lack of preservation, Mother and Stepfather further recognize that this court "generally will not consider an issue, even a constitutional one, which the appellant raises on appeal for the first time." (Quoting *State v. Webb*, 790 P.2d 65, 77 (Utah Ct. App. 1990).) Yet they suggest this court should reach the constitutional issue under either the plain error or the exceptional circumstances exception to the preservation rule.

¶18 Mother and Stepfather "must establish the applicability" of an exception to the preservation rule to raise the issue on appeal. *See State v. Johnson*, 2017 UT 76, ¶ 19, 416 P.3d 443. But appellants will not carry their burden of persuasion on an unpreserved issue if they do not supply "a plain error or exceptional circumstances analysis because, in failing to do such an analysis, [they] will have necessarily failed to explain why we should reach the issue of which [they] complain[]." *Baumann v. Kroger Co.*, 2017 UT 80, ¶ 25, 416 P.3d 512. We conclude that Mother and Stepfather have not established that either exception applies, and thus we decline to reach this constitutional issue on its merits.

¶19 Although Mother and Stepfather mention the plain error exception to the preservation rule, they have not applied the

elements of plain error to this case. *See Johnson*, 2017 UT 76, ¶ 20 ("To demonstrate plain error, a defendant must establish that (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful." (cleaned up)). They thus have not engaged in a plain error analysis, much less shown that the district court plainly erred by not sua sponte declaring rule 58A unconstitutional. As a result, they have not carried their burden to establish the applicability of this exception. *See Baumann*, 2017 UT 80, ¶ 25; *State v. Padilla*, 2018 UT App 108, ¶ 19, 427 P.3d 542 (rejecting a plain error claim when the appellant "made no attempt to develop or establish" the claim).[7]

¶20 Mother and Stepfather alternatively suggest that the exceptional circumstances exception should apply, warranting our consideration of the constitutional issue for the first time on appeal. But they similarly offer little analysis on this score. They contend only that the constitutionality of rule 58A presents "a unique constitutional question, because it directly pertains to the time set to appeal" and "there is no method to preserve a constitutional challenge that only becomes an issue of controversy on appeal." We are not persuaded.

¶21 Our supreme court has directed that the "exceptional circumstances doctrine is applied sparingly, reserving it for the most unusual circumstances where our failure to consider an issue that was not properly preserved for appeal would have

---

7. After this case was briefed and argued, this court issued *Kelly v. Timber Lakes Property Owners Ass'n*, 2022 UT App 23, in which we held that plain error review is not available in ordinary civil cases. *Id.* ¶ 44. Whether plain error review is available in this adoption proceeding is an unanswered question. Mother and Stepfather have not engaged on that question, and for purposes of our analysis, we assume, without deciding, that plain error review is available in this case.

resulted in manifest injustice." *Johnson*, 2017 UT 76, ¶ 29 (cleaned up). Courts "apply this exception . . . where a rare procedural anomaly has either prevented an appellant from preserving an issue or excuses a failure to do so." *Id.* (cleaned up). And once a party shows that a rare procedural anomaly exists, it "opens the door to a deeper inquiry" in which "additional factors must be considered to determine whether an appellate court should reach an unpreserved issue." *Id.* Such factors include whether our failure to consider the issue "would result in manifest injustice," whether "a significant constitutional right or liberty interest is at stake," and judicial economy. *Id.* ¶ 37 (cleaned up). This exception thus requires a "case-by-case assessment." *Id.* ¶ 38. But it cannot be used "as a free-floating justification for ignoring the legitimate concerns embodied in the preservation and waiver rules." *Id.*

¶22    Mother and Stepfather have not met their burden of establishing that exceptional circumstances are present here. This is so because they have not analyzed whether they encountered a rare procedural anomaly and they have not engaged in any "deeper inquiry" of the additional factors relevant to this exception. *See id.* ¶ 29.

¶23    Without putting it in terms of a rare procedural anomaly, Mother and Stepfather suggest that the constitutional question regarding rule 58A became relevant only on appeal and that they were unable to complain to the district court about notice not being built into the rule. But rule 58A was in operation and became applicable once the district court announced its ruling in court on December 11, 2018.

¶24    Rule 58A(a) requires that "[e]very judgment . . . be set out in a separate document ordinarily titled 'Judgment,'" and, as the prevailing party, Father should have, "within 14 days . . . after the court's decision," "prepare[d] and serve[d] on the other parties a proposed judgment for review and approval as to

form." *See* Utah R. Civ. P. 58A(c)(1). But when Father did not timely serve a proposed judgment, rule 58A(c) gave Mother and Stepfather the option of preparing a proposed judgment themselves. *See id.* ("If the prevailing party or party directed by the court fails to timely serve a proposed judgment, any other party may prepare a proposed judgment and serve it on the other parties for review and approval as to form."). They did not exercise that option.

¶25   Because the parties did not avail themselves of the opportunity to prepare a proposed judgment that would lead to the judgment being entered under rule 58A(e)(2)(A), the parties' inaction meant that, by default, the backstop of rule 58A(e)(2)(B) applied, meaning that a judgment was entered once "150 days ha[d] run from the clerk recording the decision, however designated, that provides the basis for the entry of judgment." *See id.* R. 58A(e)(2)(B). In other words, time was ticking toward the second event—entry of judgment under rule 58A(e)(2)(B). If Mother and Stepfather wished to appeal the district court's decision and were concerned that they did not know when judgment would be entered (and thus when they could file a notice of appeal), they had reason to raise that concern with the district court. Parties "cannot sleep on [their] rights and just hope for a favorable outcome." *See Dahl v. Harrison*, 2011 UT App 389, ¶ 28, 265 P.3d 139, *abrogated on other grounds by R.O.A. Gen., Inc. v. Chung Ji Dai*, 2014 UT App 124, 327 P.3d 1233.

¶26   And while it would have been unusual, it is not obvious to us that Mother and Stepfather could not have asked the district court for a declaration that rule 58A(e)(2) was unconstitutional on the ground that it did not provide for enough notice of the events relating to entry of judgment. *See State v. Van Huizen*, 2019 UT 01, ¶ 27, 435 P.3d 202 (stating that appellants "[have] the burden to show that [they were] *unable* to object . . . at the proper time"). Mother and Stepfather contend that their constitutional challenge only became "an issue of

controversy on appeal." But their complaint lies with an alleged uncertainty that materialized once the district court recorded its decision without entering a separate document to memorialize its finality, and that complaint materialized long before Mother and Stepfather filed their appeal. Under these circumstances, it is inadequate for them to simply assert that they were unable to preserve their constitutional claim. *See In re X.C.H.*, 2017 UT App 106, ¶ 31, 400 P.3d 1154 (requiring parties invoking the exceptional circumstances exception to "demonstrate how the actual circumstances [they] encountered in the [district] court process prevented [them] from raising the [unpreserved] claim"); *see also Kelly v. Timber Lakes Prop. Owners Ass'n*, 2022 UT App 23, ¶ 21 n.3 (refusing to apply the exceptional circumstances exception when the appellant did "not discuss the threshold inquiry of the exceptional circumstances exception" and thus did not establish that a rare procedural anomaly existed).

¶27    Moreover, Mother and Stepfather have not engaged in the "deeper inquiry" this court must carry out to determine whether to reach an unpreserved issue under the exceptional circumstances exception. *See Johnson*, 2017 UT 76, ¶ 29. For example, they have not explained why our failure to consider the constitutional issue "would result in manifest injustice." *See id.* ¶ 37 (cleaned up). And based on the record before us, it is far from apparent that it would be unjust for us not to consider Mother and Stepfather's constitutional challenge to the application of rule 58A, for a couple of reasons.

¶28    First, Mother and Stepfather cannot demonstrate on this record that they did not receive notice of the entry of the district court's decision. There is a signed minute entry in the court's docket dated two days after the court announced its decision from the bench. Yet Mother and Stepfather make no mention of this order on appeal; instead, they focus on an unsigned minute entry and ask us to assume they did not receive notice of its entry because no certificate of service is attached. Because

Mother and Stepfather do not account for the court's signed minute entry, and because their argument depends on assumptions, the alleged injustice about which they complain is far from manifest.[8]

¶29　Additionally, even if we were to accept Mother and Stepfather's invitation to assume they did not receive notice of the minute entry recording the district court's decision, Mother and Stepfather (while still represented by counsel) had ways to easily resolve their claimed problem of lacking notice of when the clerk recorded the court's decision. They were present when the court announced its decision from the bench and informed the parties that its pronouncement would stand as the order of the court. Surely, counsel understood that the court's decision

---

8. Preserving an issue in the district court is important because, among other things, "it allows an issue to be fully factually, procedurally, and legally developed in the district court." *Baumann v. Kroger Co.*, 2017 UT 80, ¶ 25, 416 P.3d 512. And "[w]ithout the benefit of a fully developed record illustrating both the district court's thinking and the factual development bearing on the issue at hand, an appellate court is necessarily handicapped in reaching a well-considered decision." *True v. Utah Dep't of Transp.*, 2018 UT App 86, ¶ 25, 427 P.3d 338. Here, the parties dispute whether the district court "ever provided notice or a copy of the clerk's minute entry to the parties." This is the type of factual dispute that could and should have been fleshed out in the district court, and the fact that it wasn't hinders our ability to analyze the merits of Mother and Stepfather's constitutional argument. *See id.*; *cf. Diversified Equities, Inc. v. American Sav. & Loan Ass'n*, 739 P.2d 1133, 1136 (Utah Ct. App. 1987) ("Whether a party should be charged with 'actual notice,' either in the sense of having actual knowledge or being on inquiry notice, turns on questions of fact.").

would be recorded in the docket within a few days. But if Mother and Stepfather desired even more certainty, they could have submitted a proposed judgment and, upon its entry, been confident that their time to appeal was running. *See* Utah R. Civ. P. 58A(e)(2)(A). And at any time during the months following the court's announcement of its decision from the bench, Mother and Stepfather could have checked the docket[9] or called the court clerk to determine the date on which the court's decision was recorded. But Mother and Stepfather forwent all these opportunities. In light of these missed opportunities, we do not believe that it would be manifestly unjust for us to decline to reach the unpreserved constitutional issue.[10] *Cf. Dahl*, 2011 UT

---

9. Mother and Stepfather contend that "pursuant to Utah Code Ann. § 78B-6-141(2)," adoption cases are "sealed upon decision and the docket is not readily available on the Utah court's Xchange system." Thus, they suggest, they could not have reviewed the docket to determine when the clerk recorded the court's decision. But section 78B-6-141 does not, by its terms, apply to the court's docket. And even if it did, it states that any sealed documents are "open to inspection and copying . . . by a party to the adoption proceeding (i) while the proceeding is pending; or (ii) within six months after the day on which the adoption decree is entered." Utah Code Ann. § 78B-6-141(3)(a) (LexisNexis 2018). Here, where no separate judgment was entered by the court and the court's signed minute entry is not designated as private or sealed on the docket, it is not apparent that Mother and Stepfather could not have accessed the docket within the 180 days before their appeal was due to ascertain the exact date on which the court's decision was recorded.

10. It is also not apparent that if we were to reach the unpreserved issue, we would conclude rule 58A is unconstitutional as written. Mother and Stepfather contend that

(continued…)

App 389, ¶ 28 (stating that parties "cannot sleep on [their] rights"). For these reasons, we will not apply the exceptional circumstances exception here.

CONCLUSION

¶30   We agree with Father that we lack jurisdiction over this appeal, and we thus dismiss it. We also conclude that Mother and Stepfather have not established the applicability of any exception to the preservation rule and that we therefore may not reach the merits of their constitutional challenge to rule 58A of the Utah Rules of Civil Procedure.

––––––––––

(…continued)
rule 58A is unconstitutional because it does not require notice of when the court records the decision, and the Utah Rules of Civil Procedure do not otherwise "provide for the service of signed orders through the E-Filing system." Although we do not resolve this constitutional challenge expressly, we note that Mother and Stepfather are mistaken. Rule 5(b)(3)(A) of the Utah Rules of Civil Procedure provides that "except in the juvenile court," "[a] paper is served . . . by . . . the court submitting it to the electronic filing service provider, if the person being served has an electronic filing account."