2025 UT App 89

# THE UTAH COURT OF APPEALS

ERC SPECIALISTS, LLC,
Appellant,
*v.*
SOUTH PINELLAS POOL SUPPLIES INC.,
Appellee.

Per Curiam Opinion
No. 20250152-CA
Filed June 12, 2025

Fourth District Court, Provo Department
The Honorable Derek P. Pullan
No. 240402563

Benjamin P. Thomas, Ryan P. Atkinson, Scarlet R.
Smith, and Jordan Greenburg,
Attorneys for Appellant

Leslie W. Slaugh, Attorney for Appellee

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS,
and AMY J. OLIVER.

PER CURIAM:

¶1 ERC Specialists, LLC appeals the trial court's order dismissing its complaint based on lack of personal jurisdiction over the defendant. This matter is before the court on its own motion for summary disposition based upon lack of jurisdiction due to ERC Specialists' failure to file a timely notice of appeal.

¶2 A notice of appeal must be filed "with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). The thirty-day time period for filing a notice of appeal commences on the date that the judgment is entered, regardless of the date that the parties receive notice of the entry of the judgment. *See Workman v. Nagle Constr.*,

*Inc.*, 802 P.2d 749, 751 (Utah Ct. App. 1990). If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal and must dismiss it. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616. The trial court entered an "Order of Dismissal" on December 3, 2024. However, ERC Specialists did not file a notice of appeal until February 10, 2025, more than thirty days after entry of the Order of Dismissal. Accordingly, if that order constituted a final judgment, then ERC Specialists' notice of appeal was untimely.

¶3     ERC Specialists argues that the Order of Dismissal was not a final judgment entered pursuant to rule 58A of the Utah Rules of Civil Procedure. That rule requires that "[e]very judgment and amended judgment must be set out in a separate document *ordinarily* titled 'Judgment'—or, as appropriate, 'Decree.'" Utah R. Civ. P. 58A(a) (emphasis added). Rule 54(a), in turn, states that "'Judgment' as used in these rules *includes a decree or order* that adjudicates all claims and the rights and liabilities of all parties or any other order from which an appeal of right lies. A judgment should not contain a recital of pleadings, the report of a master, or the record of prior proceedings." *Id.* R. 54(a) (emphasis added). Thus, although a rule 58A-compliant judgment should "ordinarily" be titled "Judgment," it is possible, in appropriate circumstances, for such a judgment to be entitled "Order." In interpreting rule 58A, our supreme court has stated what a final judgment should look like: "(1) the order must be self-contained and separate from the opinion; (2) the order must note the relief granted; and (3) the order must omit (or at least substantially omit) the [trial court's] reasons for disposing of the parties' claims." *Griffin v. Snow Christensen & Martineau*, 2020 UT 33, ¶ 20, 467 P.3d 833 (cleaned up).

¶4     Here, the Order of Dismissal satisfies all three of these criteria, even though it was not entitled "Judgment." Specifically, on December 3, 2024, the trial court issued both a ruling on the motion to dismiss and the separate Order of Dismissal. In the

ruling, the court explained the basis for and the reasoning behind its decision. The order, in its entirety, then stated simply:

> The Motion to Dismiss filed by Defendant South Pinellas Pool Supplies, Inc. came regularly before the [c]ourt for oral argument via video conference on November 4, 2024. The [c]ourt having entered its Ruling on Motion to Dismiss now ORDERS: This case is dismissed for lack of personal jurisdiction over the defendant.

The Order of Dismissal was a self-contained and independent document separate from the ruling explaining the decision that gave rise to it. Further, the order contained none of the trial court's reasoning, all of which was contained in the court's separate ruling. *See id.* ¶ 24. Accordingly, the Order of Dismissal satisfied all of the requirements for a rule 58A-compliant judgment.

¶5 Therefore, that order was a final appealable order, and ERC Specialists' notice of appeal—filed more than thirty days later—was not timely filed. This court lacks jurisdiction to hear the untimely appeal and has no choice but to dismiss it. *See Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).

¶6 The appeal is dismissed.[1]

──────────

1. Appellee's request for attorney fees is denied.